James **PATRICK**, Appellant in No. 79–1367,

v.

**CAMDEN COUNTY PROSECUTOR, Superintendent, Trenton State Prison, and the Attorney General of the State of New Jersey, Appellants in No. 79–1264.**

Nos. 79–1264, 79–1367.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) on July 11, 1980.

Decided Sept. 18, 1980.

John B. Mariano, Camden County Prosecutor, Joseph F. Audino, First Asst. Prosecutor, Marc Weinberg, Asst. Prosecutor, Camden, N. J., for appellants.

Abraham Kinstlinger, Newark, N. J., for cross–appellant James Patrick.

Before SEITZ, Chief Judge, ADAMS, Circuit Judge, and WEINER, District Judge.*

## OPINION OF THE COURT

### PER CURIAM:

This case presents cross–appeals from an order of the district court granting the habeas corpus petition of James Patrick and ordering that he be resentenced in state court.[1]

### I.

In 1975 James Patrick was charged in a 12–count indictment with a variety of drug–related offenses. He subsequently entered into a plea bargain with the office of the Camden County Prosecutor (the prosecution) under which he agreed to plead guilty to four counts of the indictment in

exchange for dismissal of the other counts. As part of the plea bargain, the prosecution agreed to make no recommendations as to the sentence that Patrick should receive, but it reserved the right to "comment and make remarks appropriate . . . to the magnitude of the sentence imposed."

At sentencing, an assistant county prosecutor stated that Patrick "should receive the maximum penalty dictated by law" and that "this particular individual deserves the maximum penalty prescribed by law." After imposition of sentence, Patrick unsuccessfully appealed his conviction and sentence in the New Jersey state courts. He then filed a petition for habeas corpus in the district court, arguing that the assistant prosecutor's remarks at sentencing constituted a recommendation of sentence in violation of the plea bargain.

The district court construed the prosecution's duty under the plea bargain not to "recommend" a sentence as prohibiting any request for a specific sentence. It treated the prosecution's reservation of the right to "comment" as permitting statements regarding the circumstances of the case bearing on sentencing, but not allowing any references to a particular term of imprisonment. Because both parties had been informed at the time of the plea that the maximum possible sentence for the counts to which Patrick pled guilty was 41 years, the court concluded that the prosecution, by referring to the maximum penalty permitted by law, had urged the court to impose a specific sentence. Therefore, it held that the prosecution had made a prohibited recommendation of sentence.

Based on its finding of this violation of the plea bargain, the district court granted Patrick's habeas corpus petition and ordered that he be resentenced by a different state court judge in a proceeding in which

---

* Honorable Charles R. Weiner, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. We take occasion to note that the habeas corpus relief here took the form of an order directing the state court to take certain action. A habeas corpus order should direct that the writ will issue unless the stipulated conditions are met by the state authorities within a designated period of time.

the prosecution made no statement requesting or implying that a particular sentence be imposed.[2]  These cross–appeals followed.

## II.

■ The prosecution's appeal contests the district court's conclusion that the statements of the assistant prosecutor violated the plea bargain.  After considering the record and the parties' briefs, we agree with the district court that the statements about the maximum penalty authorized by law constituted a recommendation as to the sentence Patrick should receive and violated the plea bargain.  Therefore, the district court properly held that Patrick was entitled to habeas corpus relief.

## III.

Turning to the cross–appeal, Patrick argues that the district court erred in ordering specific performance of the plea bargain by directing that he be resentenced in a proceeding without improper prosecution statements regarding sentence.  He contends that the court should have allowed him to withdraw his plea.

Although it is not made clear in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), that the violation of a plea bargain by the state involves a defendant's due process right, we are satisfied that such a right is implicated.  We think *Santobello* dictates that if there is a violation of a plea bargain, the relief to be afforded is within the discretion of the state court, at least where more than one remedy is legally permissible.

In *State v. Thomas*, 61 N.J. 314, 294 A.2d 57, 62 (1972), the Supreme Court of New Jersey held:

> Where there has been a failure on the part of the prosecution to abide by the terms of a plea bargain, the remedial step will normally be either to vacate the

guilty plea and permit the defendant to plead anew, or to direct that such steps be taken as may be necessary to carry out the terms of the agreement.

*See also United States v. American Bag & Paper*, 609 F.2d 1066, 1068 (3d Cir. 1979) (per curiam) (holding that the same remedies apply to the violation of a plea bargain by a federal prosecutor).

■ Rather than leaving the remedy to the discretion of the state court, the district court ordered that Patrick be resentenced.  The district court's order thus deprived the state sentencing judge of the right to exercise his discretion to determine whether to specifically enforce the plea bargain or strike the plea.  Moreover, the state judge, by resentencing Patrick promptly in compliance with the order of the district court, compounded the district court's error.  At least where, as in this case, the due process violation can be cured by either of these remedies, the state judge should be given the opportunity to decide which remedy is more appropriate in the first instance.

We will therefore vacate the order of the district court insofar as the remedy is concerned with a direction that a new order be entered which shall provide that the writ will issue unless within a stipulated time the state judge vacates the sentence imposed and thereafter determines in the exercise of discretion whether to grant specific performance of the plea bargain or to strike the plea.

---

**2.**  The state court has complied with the order of the district court.  It has not been suggested, however, that this action has rendered this appeal moot.