## Philip M. Creaser v. State of Vermont

[427 A.2d 359]

No. 448-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed February 3, 1981

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, and *Jacqueline Majoros,* Law Clerk (On the Brief), Montpelier, for Petitioner.

*David G. Miller,* Franklin County State's Attorney, and *Marianne Lipscombe,* Deputy State's Attorney (On the Brief), St. Albans, for Respondent.

Barney, C.J. Philip Creaser's motion to vacate his sentence

was treated as a petition for post-conviction relief under 13 V.S.A. § 7131. Relief was denied.

Creaser pleaded guilty to charges of kidnapping, breaking and entering, grand larceny, escape and simple assault. It is his claim that his guilty plea was coerced by his attorney's insistence that he would withdraw if Creaser insisted on going to trial. He also claims that the prosecutor violated the signed plea agreement made by the parties in this case.

Creaser was first arraigned on June 23, 1977, and counsel later assigned. Ten months later that counsel sought permission to withdraw by filing a motion. The court brought it on for hearing the next morning. The judge stated he would make his decision that afternoon, after holding an omnibus hearing. However, that afternoon the prosecutor and the defense attorney worked out a plea bargaining agreement. The proposition agreed to was presented to Creaser and, appearing before the court that afternoon, he requested two or three days "to mull this over." The court granted a continuance. No ruling was ever made on the omnibus hearing issues or on the motion to withdraw, and the assigned counsel continued to represent Creaser.

In May, 1978, Creaser entered guilty pleas to all charges, purportedly pursuant to a plea agreement. The proceeding here has developed that there were two plea agreements signed by Creaser, one prepared by the state's attorney and one by the defense attorney.

The two agreements are significantly different in their versions of the agreed-to restraints imposed upon the prosecutor in arguing to the court concerning a minimum sentence to be imposed in response to the guilty pleas. It is precisely in this area of difference that the contended failure of the prosecutor to follow the plea bargain falls. In light of *Santobello* v. *New York,* 404 U.S. 257, 262 (1971), such a failure must be viewed as having substance.

█ █ It is also important to note the illusory nature of the alleged bargain, in view of the two dissimilar agreements. We take the view that Creaser was induced to plead by the illusion of a plea agreement that did not, in fact, exist. We have many times noted that a plea of guilty is a solemn undertaking. *In re Garceau,* 125 Vt. 185, 188, 212 A.2d 633, 635 (1965).

As such, it is critical that it be knowing and voluntary. *In re Fuller*, 135 Vt. 575, 581, 381 A.2d 1056, 1060 (1977). Prosecutors are strictly held to the terms of such agreements, *In re McGrail*, 130 Vt. 492, 496, 296 A.2d 213, 215 (1972) (quoting *Santobello* v. *New York, supra*), and defendants are entitled to place reliance on the terms being carried out. With uncertainty in the provisions of the plea bargain, not only is the defendant's plea as a knowing and voluntary act seriously compromised, but, as here, he may be deprived of what he perceived as the bargained-for benefit, and find that two simultaneous agreements end up in effect as no agreement at all. We also point out that a purpose of V.R.Cr.P. 11, which requires disclosure of the plea agreement to the court and notification by the court if it accepts the plea agreement, is to prevent this kind of situation. See Reporter's Notes, V.R.Cr.P. 11. Creaser should be allowed to withdraw his pleas. V.R.Cr.P. 32(d).

*The sentences are vacated and the causes remanded with leave granted petitioner to withdraw his pleas of guilty if he be so advised.*