## In re Frederick J. Angelucci

[463 A.2d 218]

No. 82-166

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed June 7, 1983

*Gabor Rona,* Montpelier, for Petitioner-Appellant.

**Hill, J.** Petitioner was initially charged and convicted after trial by jury of burglary in the nighttime, grand larceny, and of being an habitual offender under 13 V.S.A. § 11. This Court subsequently affirmed the grand larceny conviction, but reversed and vacated the burglary conviction. *State* v. *Angelucci,* 137 Vt. 272, 405 A.2d 33 (1979). Pursuant to 13 V.S.A. § 7131, petitioner sought post-conviction relief, claiming that his habitual offender conviction was invalid due to clerical errors, and that he was denied effective assistance of counsel at trial. After hearing, the Windsor Superior Court vacated petitioner's habitual offender conviction, but denied his claim of ineffective assistance of counsel. Petitioner appeals the denial of the latter claim. We affirm.

The initial charges against petitioner stemmed from the theft of office equipment from the State Highway District No. 6 office building. Prior to petitioner's arrest, the police arrived at the scene and discovered a broken window and office equipment stacked on a grassy knoll outside of the building. A short time later, the police observed petitioner drive up to the grassy knoll area and load the equipment into his car. He was immediately arrested.

Based upon evidence taken at the post-conviction relief hearing, the trial court found that counsel for petitioner, in preparing his defense, believed that the State had erroneously charged petitioner with burglary and grand larceny. Counsel's belief was based upon the fact that there was virtually no evidence linking petitioner with the initial breaking and entering into, or removal of office equipment from, the building. Moreover, counsel was of the opinion that the grassy knoll area would not be considered within the constructive possession of the State for purposes of a grand larceny charge. In fact, the only crime of which counsel believed petitioner could have been convicted, that of receipt of stolen property, had never been charged.

The trial court found that petitioner's counsel proceeded in a manner calculated to keep the State in the dark about the alleged deficiencies in the charge. Council presented no affirmative defense to the charges against his client, declined to object to testimony offered by the State that the grassy knoll

area was encompassed within the highway department's lease, and failed to pursue his oral motion to elect between a charge of grand larceny from the building, and one of grand larceny from the grassy knoll area. If his client were convicted of the pending charges against him, counsel believed that the convictions would be overturned on appeal. In retrospect, counsel was correct in his assessment of the burglary charge, but incorrect with respect to the grand larceny charge. See *State v. Angelucci, supra.*

The sole issue raised on appeal is whether counsel rendered ineffective assistance by failing to object to the evidence establishing the State's constructive possession of the grassy knoll, and by failing to pursue his motion to elect.

In recent years, this Court has clearly set forth our standards for determining ineffective assistance of counsel. The petitioner must "establish by a preponderance of the evidence that ineffective counsel caused fundamental errors in his trial." *In re Kasper,* 142 Vt. 31, 35, 451 A.2d 1125, 1126 (1982). This inquiry is directed to whether trial counsel "exercised less than the degree of skill and knowledge which then prevailed in the legal community . . . ." *In re Mecier,* 143 Vt. 23, 30, 460 A.2d 472, 476 (1983). In making this determination, we have consistently noted that "[t]his Court is not permitted to judge from hindsight whether tactical decisions are ultimately successful in determining claims of attorney competence; rather, we must look to whether such decisions are within the range of competence demanded of attorneys in a criminal case at that time." *Id.* at 32, 460 A.2d at 477 (citing *In re Cronin,* 133 Vt. 234, 239–40, 336 A.2d 164, 168–69 (1975)).

In essence, petitioner argues that counsel's strategy of silence to preclude the State from amending its information only went to his decision not to defend against what he perceived to be a burglary and grand larceny from the building charge. Simply put, petitioner contends that counsel failed to realize that the State was also proceeding on a grand larceny from the grassy knoll theory. Thus, he asserts that the trial court erred by labeling as trial strategy counsel's failure both to object to the constructive possession evidence and to pursue his motion to elect. Petitioner insists that both omis-

sions were due, not to trial strategy, but to counsel's misinterpretation of the grand larceny charge. We disagree.

During the post-conviction relief hearing, the following colloquy took place between the court and counsel:

> The Court: If I understand what you did, . . . you thought there wouldn't be a conviction on the larceny inside the building and burglary, B and E?
>
> Counsel: That's correct.
>
> The Court: And you thought that even if there . . . was a conviction on the part of the jury, that it wouldn't stand up on appeal?
>
> Counsel: If they convicted him for either breaking and entering or grand larceny, we felt that under the circumstantial evidence rule that existed at the time, it would be reversed.
>
> The Court: And as to question of larceny, based upon the grassy knoll theory, you didn't think that would hold up on appeal?
>
> Counsel: Right . . . . [W]e anticipated the possibility of it being raised, and we prepared a memorandum for the trial court. We were convinced that you could not properly argue that the larceny could take place from the lawn.

In view of counsel's testimony, the trial court found that the omissions were not the result of oversight or negligence, but rather the product of counsel's considered legal judgment, based upon his years of experience and training. Despite his "misplaced adherence to an incorrect legal theory," the trial court concluded that when compared to the alternatives available, there was a reasonable basis for the course chosen by counsel. Our review of the record reveals ample support for the trial court's findings and conclusions.

■■ Given the wide latitude afforded counsel in decisions regarding trial strategy, *In re Kasper, supra,* 142 Vt. at 37, 451 A.2d at 1127, and given our standard rule that findings will not be set aside unless clearly erroneous, *Legault* v.

*Legault,* 142 Vt. 525, 532, 459 A.2d 980, 984 (1983) (citing *Wells* v. *Village of Orleans, Inc.,* 132 Vt. 216, 221, 315 A.2d 463, 466 (1974)), the denial of petitioner's claim of incompetency of counsel is affirmed.

*Affirmed.*