# In re David C. Meunier

[491 A.2d 1019]

No. 83-282

Present: Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed March 1, 1985

*Andrew B. Crane,* Defender General, and *Henry Hinton,* Appellate Defender, Montpelier, for Petitioner-Appellant.

*Gordon G. Gebauer,* Chittenden County Deputy State's Attorney, Burlington, for Respondent-Appellee.

**Allen, C.J.** David Meunier, the petitioner, appeals the denial of his petition for post-conviction relief. He contends that three errors occurred in the course of his sentencing following a plea of guilty to sexual assault: first, that the sentencing court erred in permitting the victim to testify; second, that the prosecutor presented information concerning other criminal activity of the petitioner at the sentencing hearing, in violation of the rule laid down in *State* v. *Williams,* 137 Vt. 360, 406 A.2d 375 (1979), *cert. denied,* 444 U.S. 1048 (1980) ; and third, that the prosecutor failed to keep a promise made as part of the plea bargain.

The petitioner, age fifteen at the time, pleaded guilty to a sexual assault upon a neighbor, pursuant to a plea agreement in which the State agreed to dismiss a charge of aggravated assault. The State agreed further that it would "[r]emain silent concerning specific sentence; State may comment on facts."

During the sentencing hearing, held on May 19, 1982, the State called the victim of the assault to testify, over the petitioner's objection. The prosecutor elicited details of the offense and the effect that it had upon the victim. The petitioner called his mother to testify. During cross-examination of the petitioner's mother, the prosecutor asked her if she was aware that the petitioner had been accused of a rape committed during his stay at Waterbury State Hospital subsequent to his arrest on the current charge. After the petitioner's objection, the court noted that it could not consider any such allegations in the enhancement of the sentence or for any other purpose. The court permitted the prosecutor to ask the question, and to ask if her awareness of the accusation had changed her feelings towards

her son, for the purpose of showing the witness's knowledge of the petitioner's character.

During the prosecutor's closing remarks at the sentencing hearing, he stated that the court "should seriously consider giving a lengthy sentence." He went on to say:

> It's just a question of time as to when Mr. Meunier is going to be coming back. If the court gives a short sentence, he'll be back in a shorter period of time. If the court gives a long sentence, he'll be back in a longer period of time . . . . He's going to be raping again. So we'd ask for a long sentence only for that, to delay the time before he's going to strike again because we feel that he's going to strike again; and he's either going to be striking again in five years, or ten years, or fifteen years, depending on what the court gives him for a sentence; but when he gets back he'll be back in.

The court sentenced the petitioner to imprisonment for a term of fifteen to twenty years. During the hearing on the petitioner's motion to reconsider sentence, the prosecutor argued that the sentence that had been imposed "was entirely appropriate." The petitioner's motion to reconsider sentence was denied. He then petitioned the Chittenden Superior Court for post-conviction relief, which also was denied. He now appeals from that denial.

## I.

The petitioner argues first that it was error to permit the victim to testify at the sentencing hearing, because 28 V.S.A. § 204(e), requiring the inclusion of the victim's statement in the presentence report, if the victim so chooses, excluded by implication any other form of participation by the victim in the sentencing process. (13 V.S.A. § 7006, giving victims the right to testify at sentencing proceedings, had not been enacted at the time of the petitioner's sentencing.)

■■■ The statute relied upon by the petitioner, 28 V.S.A. § 204(e), cannot be read as having set forth the exclusive manner of victim participation in sentencing proceedings. The statute gives an absolute right to the victim to submit comments or a written statement for inclusion in the presentence report. The granting of this right does not imply the prohibi-

tion of any other manner of victim participation in sentencing. Thus, while the victim may not have had a right to testify at the hearing prior to the enactment of 13 V.S.A. § 7006, neither was there a prohibition against such testimony.

The court below correctly found that the victim's testimony was permissible under V.R.Cr.P. 32(a)(1), permitting the prosecutor to "present any information relevant to sentencing," and under V.R.Cr.P. 32(c)(4), permitting either party to "offer evidence specifically on any disputed factual issues."

██ The petitioner argues that Rule 32(c)(4) does not apply because he conceded the accuracy of the presentence report, and thus the details of the assault testified to by the victim were not "disputed factual issues." The petitioner's counsel, at the sentencing hearing, stated that there was "only one significant factual matter that we would dispute" in the report (concerning the petitioner's consumption of alcohol at home). The presentence report, however, contained two different accounts of the assault, one provided by the petitioner and the other by the victim. The petitioner's counsel's remarks cannot be understood to concede the accuracy of the victim's account as against the petitioner's account. The fact that the accuracy of the report itself is conceded does not mean that differing accounts contained therein are no longer disputed issues. The petitioner and the victim differed on such significant issues as the seriousness of the injuries inflicted and the nature of the initiation of sexual activity. The victim's testimony was properly permitted under Rule 32(c)(4).

██ The testimony was also permissible under Rule 32(a) (1), which permits the prosecutor to present "any information relevant to sentencing," without the Rule 32(c)(4) requirement of disputed factual issues (subject to the constraints in *State* v. *Williams* and *State* v. *Chambers*, 144 Vt. 377, 383–84, 477 A.2d 974, 979 (1984)). See V.R.Cr.P. 32(a)(1) and (c)(4), Reporter's Notes to 1980 and 1982 amendments.

## II.

The petitioner next argues that the prosecutor intentionally and flagrantly violated the rule set out in *State* v. *Williams*, prohibiting the use of mere assertions of criminal conduct, not

supported by convictions, in sentencing proceedings. The sentencing judge's statement that he would not consider the assertion in setting the sentence normally would bar relief under this Court's ruling in *State* v. *Rathburn*, 140 Vt. 382, 388, 442 A.2d 452, 455 (1981). In that case, we held that such allegations must be presumed not to have influenced the sentencing where the sentencing judge indicates his awareness that the activities have not been prosecuted. The petitioner, however, asserts that the holding in *Rathburn* should not apply where the prosecutor intentionally and flagrantly violates the *Williams* rule. In such a case, he argues, a new sentencing hearing should be granted in order to avoid countenancing such an intentional violation of well-established legal rules.

■ The transcript of the sentencing hearing shows that the question at issue here was asked of the petitioner's mother after she had testified during direct examination that the petitioner had made progress since his original juvenile violation, and was no longer attempting to lie about or deny his conduct. The sentencing court permitted the question, while stating that it would not consider the matter for any purpose whatsoever. The superior court correctly found that the cross-examination was improper. However, we need not reach the question of whether a flagrant and intentional violation of the *Williams* rule might require resentencing even where the judge has disavowed any use of the material, because the circumstances here do not indicate such a violation.

### III.

The petitioner's final claim is that the State violated its plea bargain with him. The agreement provided that the State would "[r]emain silent concerning specific sentence; State may comment on facts." The petitioner claims that the State's argument at both the sentencing hearing and the sentence reconsideration hearing, the State's use of the testimony of the victim, and the State's cross-examination of the petitioner's mother violated that agreement.

■■ No objection was made by the petitioner's counsel to the prosecutor's remarks at either the sentencing or the sentence reconsideration hearing. Normally, a failure to object

would preclude review by this Court. *State* v. *Morrill*, 127 Vt. 506, 511, 253 A.2d 142, 145 (1969). However, a plea of guilty involves the waiver of several constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. Therefore, the plea must be both knowing and voluntary. *State* v. *Bergerson*, 144 Vt. 200, 203, 475 A.2d 1071, 1074 (1984). An unfulfilled prosecutor's promise, which induces a guilty plea, may deprive the plea of its voluntary character. *Santobello* v. *New York*, 404 U.S. 257, 266 (1971) (Douglas, J., concurring). Thus, a broken promise "strikes at the very heart" of the defendant's most basic constitutional rights. *State* v. *Bergerson, supra*, 144 Vt. at 203, 475 A.2d at 1074. We have previously held that a trial court's failure to permit the withdrawal of a guilty plea where the court declines to accept the plea bargain is plain error, reviewable without an objection, in order to ensure the voluntariness of the plea. *Id.* at 204, 475 A.2d at 1074. The necessity of ensuring the voluntariness of the plea is no less important where it is the prosecutor's failure to abide by the plea bargain, rather than the trial court's, which is at issue.

█    Turning to the merits of the case, it is clear that defendants are entitled to place reliance upon the terms of plea agreements being carried out. *Santobello* v. *New York, supra*, 404 U.S. at 262; *Creaser* v. *State*, 139 Vt. 315, 317, 427 A.2d 359, 360 (1981).

█    The basic test of interpretation of a plea agreement is what the parties reasonably understood the agreement to be. *Paradiso* v. *United States*, 689 F.2d 28, 31 (2d Cir. 1982), *cert. denied*, 459 U.S. 1116 (1983). At the same time, however, "the prosecution is held to the most meticulous standards of both promise and performance." *Kluttz* v. *Warden, Nevada State Prison*, 99 Nev. 681, 683, 669 P.2d 244, 245 (1983). The prosecution will be bound by the express terms of its agreement. *United States* v. *Garcia*, 519 F.2d 1343, 1344, 1345 (9th Cir. 1975); *Creaser* v. *State, supra*, 139 Vt. at 317, 427 A.2d at 360.

Here, the prosecutor promised to "[r]emain silent concerning specific sentence" but reserved the right to "comment on facts." A promise to "remain silent" is broader than a promise

not to make a recommendation. Thus, where a prosecutor promised to "take no position" at sentencing, then urged a substantial sentence, the court found the promise to have been violated; the promise was found to bar any comment bearing upon the type or severity of the sentence, not just to bar a specific recommendation. *United States* v. *Corsentino*, 685 F.2d 48 (2d Cir. 1982). Here, the prosecutor's promise barred any comment concerning a specific sentence.

At the same time, the prosecutor reserved the right to "comment on facts." The right to comment goes beyond a dispassionate recitation of facts, and permits the presentation of the conclusion that might be reached therefrom, specifically, that a lengthy sentence is appropriate. Thus, a prosecutor's reservation of the right to present information relevant to the sentence, while not recommending a specific sentence, was not violated by an argument in favor of a significant sentence. *United States* v. *Diamond*, 706 F.2d 105, 106 (2d Cir. 1983). Nor does the agreement here prohibit the presentation of the facts themselves, in addition to comment thereon.

Under this interpretation, the presentation of the victim's testimony, and the cross-examination of the petitioner's mother, did not violate the agreement. The prosecutor was not restrained from presenting evidence which would tend to aggravate the sentence.

The prosecutor's closing remarks present a different problem. The prosecutor did not recommend specific sentences of five, ten, or fifteen years. He merely used these specific sentences as a means of illustrating his point that whatever sentence was given, the petitioner would be back in court upon its completion. Nonetheless, the petitioner bargained for the prosecutor's silence on the subject of a specific sentence, not merely for the prosecutor's abstention from recommending a specific sentence. The prosecutor's argument amounted to a discussion of the possible effects of three specific sentences, and thus violated the agreement.

Finally, the defendant challenges the prosecutor's remarks at the sentence reconsideration hearing as a violation of the agreement. It is not necessary to reach the question of whether the promise by the State concerning sentencing extends to a

sentence reconsideration hearing, inasmuch as the State during argument conceded that it did in this case.

At that hearing, the prosecutor, referring to the original sentence, stated, "And I would say that the sentence was entirely appropriate." The petitioner argues that this statement concerns a specific sentence by incorporation. In *Patrick* v. *Camden County Prosecutor*, 630 F.2d 206, 207 (3d Cir. 1980), the prosecutor agreed to make no recommendation as to the specific sentence, but reserved the right to "make remarks appropriate . . . to the magnitude of the sentence imposed." He then argued for the "maximum penalty," which both parties had previously been told was 41 years. The court held that the plea bargain had been violated. *Id.* at 208. Similarly, both parties here knew that the sentence had been set at fifteen to twenty years. Thus, the prosecutor in effect argued that a sentence of fifteen to twenty years was appropriate, contravening his promise to remain silent concerning a specific sentence.

The appropriate remedy where the prosecutor has breached the plea agreement must be decided. In *Santobello* v. *New York, supra,* 404 U.S. at 263, the United States Supreme Court left it to the state court to decide whether the circumstances required specific performance of the plea agreement, and thus resentencing in accordance with the agreement, or whether the defendant should be given the option of withdrawing his plea of guilty. (While dictum in *Mabry* v. *Johnson,* — U.S. —, —, 104 S. Ct. 2543, 2547 (1984), might be construed as to now require withdrawal of the plea, the Second Circuit, in *United States* v. *Carbone,* 739 F.2d 45, 48 (2d Cir. 1984), has subsequently ordered resentencing.) We have previously noted that specific performance of the agreement has often been the chosen remedy in light of the particular circumstances of each case. *State* v. *Loehmann,* 143 Vt. 372, 377–78, 467 A.2d 118, 121 (1983). Where the agreement is not capable of being specifically enforced, an opportunity to withdraw the plea is necessary to remove all taint of false inducement. *State* v. *Bergerson, supra,* 144 Vt. at 203, 475 A.2d at 1073. A major factor in choosing the appropriate remedy is the prejudice caused the defendant by the breach. *United States* v. *Holman,* 728 F.2d 809, 813 (6th Cir.), *cert. denied,* — U.S. —, 105 S. Ct. 388 (1984). If the defendant is provided with satisfaction of the bargain he accepted, no unfairness will result. *United States* v.

*Runck,* 601 F.2d 968, 970 (8th Cir. 1979), *cert. denied,* 444 U.S. 1015 (1980).

Here, the petitioner entered his plea with the understanding that the prosecutor's remarks would be limited in certain ways. Resentencing pursuant to that understanding will fulfill the petitioner's reasonable expectations, and the voluntary nature of the plea will be preserved.

In order to insure no inadvertent prejudice, the resentencing should be before a different judge. *State* v. *Williams, supra,* 137 Vt. at 365, 406 A.2d at 377.

In closing, we note that in drafting a plea agreement the State has every opportunity to make the terms clear and explicit. An agreement should be so unambiguous, and the prosecutor's adherence to it so meticulous, as to preclude any challenge by the defendant.

*The judgment of conviction is affirmed, the sentence vacated, and the cause is remanded for resentencing.*