### State of Vermont v. Thomas Earle

[497 A.2d 28]

No. 83-471

Present: Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed May 24, 1985

*Helen V. Torino,* Franklin County State's Attorney, St. Albans, for Plaintiff-Appellant.

*Nancy E. Kaufman,* Montpelier, and *Charles S. Martin,* Barre, for Defendant-Appellee.

**Peck, J.** This is an appeal by plaintiff State of Vermont (State) from an order of the District Court of Vermont, Franklin Circuit, granting defendant's motion to dismiss charges brought against him by the state's attorney for Franklin County. The charges alleged three violations of 18 V.S.A. § 4224(g) prohibiting the sale of regulated drugs.

The State formulated three questions for review by this Court. Nevertheless, we believe that the resolution of a single issue, substantially as formulated by the defendant, not only incorporates most of the State's claims and arguments as well, but is dispositive of this appeal. That issue is whether a plea agreement executed by the state's attorney[1] on behalf of the

---

[1] David G. Miller was the state's attorney at the time of these proceedings. He has been succeeded in office by his deputy, Helen V. Torino.

State, and by defendant and his counsel, and accepted by the court, in relation to a previous drug-related charge, precluded the State from instituting the charges in the instant case. The court below concluded that it did; we concur in the court's conclusion. Accordingly, we affirm the dismissal.

On June 1, 1982, pursuant to the plea agreement referred to, defendant entered a plea of guilty in the Franklin District Court to a charge of cultivating marijuana. 18 V.S.A. § 4206(a). For purposes of this case, the significant clause in the agreement reads: "The State agrees not to bring further charges known to the State at this time." The court sentenced defendant "to serve a zero to two year sentence . . . all suspended except 12 days," to be served on consecutive weekends.

Subsequent to the above proceedings, on August 26, 1982, the state's attorney filed three informations with the court supported by state police affidavits, charging defendant with having sold cocaine illegally on January 20, 1982, February 2, 1982, and February 24, 1982. Defendant responded with a motion to dismiss based on the quoted clause in the plea agreement. Following a hearing, the court made findings and conclusions and granted the motion.

■ The proper interpretation of the clause, "[t]he State agrees not to bring further charges known to the State at this time," was disputed. Both parties agree that a plea agreement is generally recognized as contractual in nature and subject to contract law standards. *United States* v. *Krasn,* 614 F.2d 1229, 1233 (9th Cir. 1980). The State claimed the clause is sufficiently ambiguous to require construction in accordance with principles of contract law; that being so, it must be construed to refer, in this case, only to the state's attorney of Franklin County.[2] The State then claimed that the potential drug-sale charges were not known to the state's attorney at the time the plea agreement was executed.

On the other hand, the defendant argued that the clause is plain on its face and means exactly what it says: "[K]nown

---

[2] In *In re Meunier,* 145 Vt. 414, 423, 491 A.2d 1019, 1025 (1985), this Court said that "in drafting a plea agreement the State has every opportunity to make the terms clear and explicit. An agreement should be so *unambiguous* . . . as to preclude any challenge by the defendant." (Emphasis added.)

to the State at this time," is not limited to the state's attorney, but means known to any agency or agent of the State.

The court below did not find it necessary to address this dispute directly. However, it did find that, while the state's attorney did not have personal knowledge of potential (sale) charges, he did have "access to such information and upon reasonable and minimal inquiry could have found out about the [police] investigation." Further, the court found that "[a]ll of the information gathering procedures, including laboratory analysis of the substances, were completed by March 12, 1982," two and one-half months before defendant pled guilty pursuant to the agreement. It was the investigation of cocaine sales that led to the charge of cultivating marijuana and the plea agreement.

■ These findings are amply supported by credible evidence. *In re Norris Trust,* 143 Vt. 325, 327, 465 A.2d 1385, 1387 (1983). Moreover, they are not clearly erroneous. Therefore, they will not be set aside by this Court on appeal. *In re Angelucci,* 143 Vt. 187, 190, 463 A.2d 218, 220 (1983). The evidence indicated clearly that, not only was the deputy state's attorney aware of police investigations into defendant's drug-related activities, but that the deputy had placed a note or memo to that effect in the defendant's file which the state's attorney must have seen had he looked effectively.

Finally, assuming without deciding that the controverted clause *is* plain on its face, as defendant contends, and the state's attorney did not intend that it apply to the three drug-sale charges, as the State argues, the court points out very astutely that "a simple statement of the charges not to be brought would have served the State and public better than the blanket waiver used by the State." In any event, it was certainly open to the State to propose a clarification of, or limitation on, the clause had it seen fit to do so.

■ Prosecutors are held strictly to the terms of plea agreements because of the rights surrendered by a defendant upon entering a guilty plea, *Creaser* v. *State,* 139 Vt. 315, 316–17, 427 A.2d 359, 360 (1981), and defendants are entitled to place reliance on the terms being carried out. *Id.; Santobello* v. *New York,* 404 U.S. 257, 262 (1971). Given these standards,

654

the evidence, and the findings and conclusions of the court, we find no reversible error.

*Affirmed.*