**Richard Lee HOLE, Plaintiff,**

v.

**John PRESLESNIK, Defendant.**

**No. G88–231–CA1.**

United States District Court,
W.D. Michigan, S.D.

Dec. 28, 1988.

Frederick J. Griffith, Lansing, Mich., for plaintiff.

Frank J. Kelly, Atty. Gen., Becky M. Lamiman, Asst. Atty. Gen., Corrections Div., Lansing, Mich., for defendant.

## OPINION REJECTING MAGISTRATE'S REPORT AND RECOMMENDATION

ROBERT HOLMES BELL, District Judge.

Before this court are Respondent's objections to the Magistrate's Report and Recommendations under 28 U.S.C. § 636(b). The Magistrate's Report and Recommendation (Report) found that the prosecutor's conduct at sentencing violated the terms of the plea agreement and thereby vitiated the knowing and voluntary character of the plea agreement. The Report recommended granting Petitioner's motion for habeas corpus and resentencing the Petitioner before another judge as the appropriate remedy.

In the present case the Petitioner agreed to plead nolo contendere to one count of criminal sexual conduct and disclose, during the presentence investigation, his extensive history of sexual activity with young boys. In exchange for the plea and disclosure, the prosecutor agreed to dismiss a second count of criminal sexual conduct and bring no additional charges based on the Petitioner's disclosures. Further, the prosecutor agreed to "make no recommendation as to sentence."

On January 3, 1985, Petitioner was sentenced to a term of 20 to 40 years imprisonment. During the sentencing, the prosecutor extensively commented on the Petitioner's conduct as disclosed in the presentence investigation report. The Petitioner argues that the prosecutor's comments breached the plea bargain term to "make no recommendation as to sentence." Petitioner requests resentencing before a different state judge. The Report recommends granting the Petitioner's request. Upon review of the pleadings and relevant case law, this Court does not adopt the Magistrate's Report and Recommendation.

Plea bargaining has become an integral feature of criminal justice in the United States. The practices implicates funda-

48

mental principles of due process and often tests the integrity of the criminal justice system itself. In *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971), the Supreme Court emphasized the serious character of plea bargaining.

This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when plea rest in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

In *Bercheny v. Johnson*, 633 F.2d 473, 476 (6th Cir.1980), the court stated "the law does not permit a criminal defendant to bargain away his constitutional rights without receiving in return either the benefit of his bargain . . ., or, if the court rejects that bargain, reinstatement of the rights surrendered." In fairness to both the defendant and the public's interest, courts must assiduously respect the terms of plea bargains, thereby protecting the defendant's constitutional rights and maintaining the integrity of plea bargaining and its utility in the criminal justice system.

Relying on *United States v. Brummett*, 786 F.2d 720 (6th Cir.1986), Petitioner argues that the prosecutor's agreement to make "no recommendation" rather than "no specific recommendation" prohibited the prosecutor from commenting as he did at the sentencing. Several courts have closely analyzed the terms of plea bargains. In *U.S. v. Miller*, 565 F.2d 1273 (3rd Cir.1977), the court recognized the distinction between promises to "take no position" as to sentencing and to "make no recommendation" as to the terms of the sentence:

In *Crusco* [*United States v. Crusco*, 536 F.2d 21 (3rd. Cir.1976)] the Government made a broad unqualified promise to take no position whatsoever as to sentencing and thus gave up its right to fair comment as to the severity of the sentence and whether the defendant should undergo imprisonment. Here, the Government has specifically promised only not to make recommendation as to the sentence. The difference between the two terms is elementary, for the promise not to recommend is narrow, speaking only to the sentence imposed, whereas a promise to take no position speaks to no attempt at all to influence the defendant's sentence. . . .

Although we hold that on the facts of this case there is no breach of any promise made by the government, we again must remind the government of the semantic pitfalls inherent in plea bargaining. Promises made must be fulfilled, not only in fairness to the accused and the public interests, but also to fulfill the requirements of justice. *Miller*, at 1275.

Factually, *Miller* involved the prosecutor's remarks on the extent of the defendant's cooperation and the prosecutor's express reservation to comment on the defendant's cooperation. Nevertheless, the operative distinction between "no position" and "no recommendation" is analytically valid and useful in the present case.

At Petitioner's sentencing, the prosecutor did not directly recommend a specific sentence, however, he did request that "an appropriate sentence be passed on Mr. Hole." (Transcript of Sentencing Hearing, at 59). The request for an "appropriate" sentence is not a sentence recommendation. A sentence recommendation implies some type of temporal qualification. Without some temporal qualification, the prosecutor's general language does nothing more than commend the sentence to the court's discretion. That does not constitute a genuine or authentic recommendation. Without a temporal qualification the request for an "appropriate sentence" is virtually meaningless. The prosecutor did not request a sentence of a specific period, such as 20 years, or even a qualified duration, such as: heavy, the maximum, or life. In his excursus the prosecutor commented on sentencing objectives, the enormity of Petitioner's offenses, the vulnerability of his victims, and the probability that Petitioner might repeat his prior offenses. However, the prosecutor prefaced his comments stating:

As the court has indicated, we [the prosecution] are not in a position to make a recommendation, but I feel some comments are appropriate. The court has heard some testimony today and, in addition, has had the benefit of a pre-sentence report and numerous letters from individuals involved with this case. I believe that the Court is able to discern the implications or the effect of that testimony, and little comment need be directed towards that testimony.

Transcript of Sentencing Hearing, at 54–55. These comments on matters contained in the presentence report were appropriate under M.C.R. 6.101(k), which provides:

The court shall permit the prosecutor, the defendant's attorney, and the defendant, to review the presentence investigation report prior to sentencing. Both parties must be given an opportunity at the time of sentencing to explain or controvert any factual representation in the presentence report.

■ Relying on *In re Meunier*, 491 A.2d 1019 (Vt.1985), Petitioner argues that the prosecutor did not reserve the right to comment on facts and consequently lost the right to do so. The plea bargain was silent on the right "to explain or controvert" provided in M.C.R. 6.101(k). However, the prosecutor did not need to reserve any right to comment on materials presented in the presentence report. Further, if needed, M.C.R. 6.101(k) preserved this right for him. Although the prosecutor recounted the enormity of Petitioner's criminal conduct, as reflected in the presentence report, the prosecutor simply never recommended a sentence. The prosecutor merely requested the court to pass an "appropriate sentence," which simply is not a sentence recommendation.

Accordingly, this Court does not adopt the Magistrate's Report and Recommendation and denies the Petition for Habeas Corpus.