894 F.2d 1336
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard L. HOLE, Petitioner-Appellant,
v.
John PRELESNIK, Respondent-Appellee.
 No. 89-1147.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1990.
 
 1
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and THOMAS G. HULL,* District Judge.
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a) (1989).
 
 
 3
 Richard L. Hole is a Michigan prisoner who appeals the district court's denial of a habeas corpus petition that he had filed under 28 U.S.C. Sec. 2254 (1977). Hole had entered a plea of nolo contendre to one count of criminal sexual conduct in the first degree, a violation of Mich.Comp.Laws Ann. Sec. 750.520(b)(1)(a) (West Supp.1989). He is now serving a 20-40 year sentence on that charge.
 
 
 4
 In his habeas petition, Hole alleged that his plea was not knowing and voluntary because the prosecution had violated his plea agreement. The district court found that Hole agreed to plead nolo contendre to one count of criminal sexual abuse and to disclose his extensive history of pederasty during the pre-sentence investigation. In exchange, the prosecution agreed to dismiss a second count and to bring no additional charges based on Hole's disclosures in the pre-sentence report. The prosecution also agreed to "make no recommendation as to sentence."
 
 
 5
 Hole argued that the prosecution violated this agreement by making extensive comments at his sentencing hearing. The prosecution had argued that Hole's case involved 16 victims and as many as 96 incidents of sexual abuse over the course of 10-14 years, that regression was possible, and that Hole showed little remorse. The prosecution concluded its remarks as follows:
 
 
 6
 There has been testimony today that part of the defendant's problem can be traced to being molested as a child. That has very serious and substantial implications for the 16 victims of Mr. Hole, 16. I ask, why should society bear the risk of the defendant's capacity or his ability to maintain his control over his behavior? Why should the young people of our society bear that risk? That's a question that I hope the court will address in its sentence.
 
 
 7
 Again I point out to you that 16 children, the most vulnerable part of our society, have been affected here. Not all of them have spoken. You, as the conscience of all the community, your Honor, have an obligation or responsibility to see that justice is done, and I would ask that an appropriate sentence be passed on Mr. Hole. Thank you.
 
 
 8
 Hole's habeas case was referred to a federal magistrate who recommended that his petition be granted because the prosecution's comments violated its agreement "to make no recommendation as to sentence." However, the district court entered an opinion and order that denied Hole's petition. The court found that the prosecution's comments were in accord with its statutory duty to explain the pre-sentence report and that the prosecution's request for an "appropriate sentence" was not a recommendation for a specific sentence that would violate the plea agreement. Hole v. Prelesnik, 703 F.Supp. 47, 48-49 (W.D.Mich.1988). It is from this order that Hole now appeals.
 
 
 9
 The substance of a plea agreement presents a question of fact for the district court that is subject to a clearly erroneous standard of review on appeal. Baker v. United States, 781 F.2d 85, 90 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). The district court's factual finding that the plea agreement included a promise to "make no recommendation as to sentence' is clearly supported by the record. The district court also construed this language to mean that the prosecution had only agreed not to recommend a "specific' sentence and had not agreed to "take no position" at Hole's sentencing hearing. The court then concluded that the prosecution had not breached its agreement. We find no error under the circumstances.
 
 
 10
 The interpretation of a plea bargain presents a question of law that is freely reviewable on appeal, especially in cases where the district court's interpretation is based solely on the language of the agreement. Cf. Cincinnati Gas & Electric v. F.E.R.C., 724 F.2d 550, 554 (6th Cir.1984). A de novo review is also appropriate because this case involves the waiver of important constitutional rights. Cf. Sambo's Restaurants, Inc. v. City of Ann Arbor, 663 F.2d 686, 690 (6th Cir.1981).
 
 
 11
 An examination of the relevant case law shows that the prosecution's promise to "make no recommendation as to sentence" may be ambiguous. Cf. United States v. Read, 778 F.2d 1437, 1441 (9th Cir.1985), cert. denied, 479 U.S. 835 (1986). Several courts have found that similar language only prohibits a specific recommendation. See, e.g., United States v. Stemm, 847 F.2d 636, 639-40 (10th Cir.1988); United States v. Miller, 565 F.2d 1273, 1275 (3d Cir.1977), cert. denied, 436 U.S. 959 (1978). Other courts have found that it imposes much broader restrictions on the prosecution's ability to comment at sentencing. See, e.g., United States v. Casamento, 887 F.2d 1141, 1180-81 (2d Cir.1989) (LEXIS, Genfed Library, Newer file); United States v. McCray, 849 F.2d 304, 305 (8th Cir.1988). We are inclined toward the former view. There are, however, several reasons beyond the bare language of the disputed promise for affirming the district court's decision.
 
 
 12
 First, the ambiguous portion of the plea agreement was presented to the court at Hole's rearraignment by his own attorney. Hole has offered no explanation for his attorney's failure to make clear and precise the terms of the agreement. It follows that any ambiguity in Hole's description of the plea agreement should be construed against him and in favor of the prosecution. Cf. United States v. Usher, 703 F.2d 956, 958 (6th Cir.1983). The trial court asked both Hole and his attorney if they agreed with the plea bargain as it was presented in open court. Neither indicated an expectation that the government's counsel could make no comment to the court. See United States v. Ykema, 887 F.2d 697, 699 (6th Cir.1989); Baker, 781 F.2d at 89.
 
 
 13
 Hole's attorney described the relevant provision as follows:
 
 
 14
 We have had no discussion concerning the amount of sentence, the number of years of sentence, except that ..., that assistant prosecuting attorney, has agreed that he will make no recommendation as to sentence.
 
 
 15
 The prosecutions' extensive arguments for an "appropriate sentence" did not directly address the "amount of sentence" or the "number of years" involved. See United States v. Brummett, 786 F.2d 720, 723 (6th Cir.1986).
 
 
 16
 Second, as noted by the district court, Mich.Ct.Rule 6.101(K) (1989) allows the prosecution to explain or controvert the pre-sentence report. While this rule does not require the prosecution to speak, it should have placed Hole and his attorney on notice that further clarification of or comment upon the plea agreement was appropriate.
 
 
 17
 Finally, neither Hole nor his attorney voiced any objection to the prosecution's argument at the sentencing hearing itself. This failure to object is some evidence concerning the understanding about the agreement. See Ykema, 887 F.2d at 699; Baker, 781 F.2d at 90. While we do not decide the case on this basis, the failure to object may constitute a waiver in this case because Hole was present when the alleged breach occurred. See Baker, 781 F.2d at 90. Hole was fully advised of his rights and fully aware of the possible consequences of his plea. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); Baker, 781 F.2d at 89. Hole bears a heavy burden of proving that his plea was defective. See Blackledge v. Allison, 431 U.S. 63, 73-75 (1977). He has not met that burden here.
 
 
 18
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge, Eastern District of Tennessee, sitting by designation