# In re Robert LaRose

[442 A.2d 467]

No. 33-81

Present: Barney, C.J., Billings, Hill, Underwood and·Peck, JJ.

Opinion Filed February 2, 1982

*Martin and Paolini*, Barre, for Petitioner.

*John A. Rocray*, Windham County State's Attorney, and *William E. Kraham*, Deputy State's Attorney, Brattleboro, for Respondent.

Hill, J. Robert LaRose appeals from an order of the Windham Superior Court granting his petition for post-conviction relief on the ground that the remedy ordered by the court was inadequate. We affirm.

On January 28, 1980, the appellant concluded a plea bargain with the prosecution on pending sexual assault charges. The defendant, on his part, agreed to withdraw his not guilty plea and plead guilty; in return, the prosecution agreed to recommend a sentence of five to fifteen years incarceration. Pursuant to V.R.Cr.P. 11, the plea agreement was recorded in open court, and the presiding judge informed the appellant that he would accept the plea. On February 4, 1980, LaRose was sentenced to a five to fifteen year prison term. Additionally, the presiding judge commented on his recommendations for parole:

> I think under the circumstances, however, it is appropriate that I do accept the plea agreement and sentence you to the custody of the Commissioner of Corrections for not less than five years nor more than 15 years with credit for time served. Now, we'll make two recommendations. First, that the parole board grant parole only after especially careful evaluation, and I say that because I feel in offenses of this kind, I think the evidence is quite clear, the literature is quite clear, that it is difficult to get rid of the particular personality problem that you have; something you're going to have to work on and live with the

rest of your life. If it turns out you get in further trouble, you can almost guarantee you're heading for probably the rest of your life or your useful life in prison. It's very important that you recognize what your problems are. I think there is evidence that you have begun to do so. Part of the first recommendation, when they do parole you, it will be under such conditions as to adequately protect the public. . . .

These comments formed the basis of the appellant's post-conviction relief petition under 13 V.S.A. § 7131. The appellant maintained that the sentencing judge's parole recommendation was contrary to his plea agreement, because the recommendation diminishes his chance for parole, thereby increasing the effective length of his five to fifteen year sentence beyond the term contemplated in his agreement.

. The Windham Superior Court heard the post-conviction relief petition, held that the sentencing judge's comments constituted "a disposition more onerous than the disposition contained in the plea agreement," and granted the petition for post-conviction relief. The court ordered the sentencing judge's recommendations stricken from the record, but ordered that the remainder of the sentence should be continued in effect.

On appeal, LaRose contends that striking the parole recommendation is an inadequate remedy, and that he should be allowed to withdraw his guilty plea. The State has not appealed from the trial court's decision striking the sentencing judge's comments. Thus, the sole question on appeal is the adequacy of the remedy fashioned by the trial court.

The appellant's principal contention is that *Santobello v. New York*, 404 U.S. 257 (1971), requires that the appellant be allowed to withdraw his guilty plea. See *id.* at 267 (Douglas, J., concurring). We disagree. First, the holding in *Santobello* is addressed to breaches of plea agreements by the prosecution. *Id.* at 262 (opinion of the Court by Burger, C.J.). The appellant does not allege that the prosecution failed to keep its bargain, but that the sentencing judge added something to the bargain. The sentencing judge's actions would thus be scrutinized under V.R.Cr.P. 11(e)(4), which prohibits the imposition of a more onerous sentence than that provided

in the agreement without allowing the defendant to withdraw his plea. Second, the majority in *Santobello* explicitly held that the choice of remedies for a breached plea bargain is left to the state courts, who may choose to specifically enforce the plea bargain or allow the defendant to plead anew. See 404 U.S. at 263 (opinion of the Court by Burger, C.J.). Thus, even the most generous reading of *Santobello* requires us to select an appropriate remedy under the facts of each case.

■ In this case, the appellant is entitled to no more than the remedy ordered by the trial court. His sole complaint was that the sentencing judge's comments would harm his parole opportunities. This complaint is completely remedied by the striking of these comments, because the parole board will not see a transcript of those remarks. See *State* v. *Moquin*, 138 Vt. 160, 162, 411 A.2d 1355, 1357 (1980). Thus, the sentencing judge's comments can not constitute a rejection of the plea agreement, within the meaning of V.R.Cr.P. 11(e)(4), so that the defendant should be allowed to replead.

*Affirmed.*