**STATE of Vermont v. Fred C.
PARKER, Jr.**

[583 A.2d 1275]

No. 89-011

November 21, 1990. Defendant pled no contest to charges of burglary, retail theft, and petit larceny, and was sentenced to an aggregate term of one-to-six-years imprisonment. Defendant now appeals from the judgment of conviction, asking this Court to strike a condition of the plea agreement limiting his right to move for reconsideration of his sentence. Defendant signed a plea agreement which included the following provision:

> 5) DEFENDANT hereby understands and waives his right under 13 V.S.A. § 7042 to request the Court for reconsideration of the sentences(s) imposed under this agreement, except to the extent that the penalty imposed is greater than that recommended by the state herein.

Defendant asserts that since the right to move for reconsideration of sentence is "conferred absolutely" by statute, any waiver of this right as a condition of a plea agreement is per se invalid. Defendant argues that his situation is directly analogous to *State v. Buck*, 139 Vt. 310, 428 A.2d 1090 (1981), where we invalidated a condition of a deferred sentence agreement which purported to restrict the defendant's right of appeal.

This case is in a different procedural posture than *Buck*. There, defendant appealed on points raised below which were reserved for appeal in the waiver agreement. This Court addressed the

waiver issue sua sponte. Here, defendant raises his claim for the first time on appeal. He neither moved for reconsideration of sentence nor challenged the validity of the plea condition in the trial court. It is settled law that absent plain error, issues neither litigated nor decided below will not be addressed for the first time on appeal. *State v. Hunt,* 150 Vt. 483, 499, 555 A.2d 369, 379 (1988). At the very least, defendant's claim is premature, as the trial court was never given the opportunity to grant or deny a motion for reconsideration of sentence. There was, in essence, no lower court decision from which to appeal.

Defendant contends that he was unable to move for reconsideration in the trial court because the State would have attacked the filing of such a motion as a breach of the plea agreement and as grounds for rescission. We recognize that plea agreements are contractual in nature, and that the parties are entitled to rely upon the provisions of the plea bargain. See, e.g., *State v. Day,* 147 Vt. 93, 95, 511 A.2d 995, 997 (1986); *Creaser v. State,* 139 Vt. 315, 317, 427 A.2d 359, 360 (1981). We do not agree, however, that testing the validity of the waiver, or merely filing a motion for sentence reconsideration, would constitute a material breach of the plea agreement. Cf. *Cass-Warner Corp. v. Brickman,* 126 Vt. 329, 336, 229 A.2d 309, 315 (1967) (actionable breach "went to the essence of the agreement"); see also *United States v. Packwood,* 687 F. Supp. 471, 473–75 (N.D. Cal. 1987) (government may rescind plea agreement only upon showing that: (1) the agreement by its terms was revocable upon breach by defendant; (2) defendant breached the agreement; (3) the breach was material; and (4) defendant had notice and an opportunity to cure any breach). Although the State may respond to defendant's motion by asserting that he has waived his right to sentence reconsideration, the filing of the motion does not, by itself, place defendant at risk of rescission.

Because we hold that defendant's claims must be raised initially in the trial court, we do not reach the question of whether a plea condition in which a defendant waives the right to move for sentence reconsideration is facially invalid. Nor do we examine whether, if such waivers are not per se invalid, sentence reconsideration should be permitted on a case-by-case basis under compelling circumstances.

*Affirmed.*