**STATE of Vermont v.
Lawrence J. COLEMAN**

[632 A.2d 21]

No. 92-206

<hr/>

July 22, 1993. Defendant Lawrence Coleman appeals from a district court order that denied his motion to clarify or modify his conditions of probation. We affirm.

Defendant was charged with sexually assaulting a minor under the age of sixteen. He entered into a plea agreement with the State in which he agreed to plead nolo contendere to a reduced charge of lewdness in viola-

tion of 13 V.S.A. § 2632(a)(8). The plea was entered pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), which held that a criminal defendant may voluntarily assent to a charge while maintaining innocence. *Id.* at 37. The State agreed to recommend a suspended sentence of zero-to-six months and continued counseling with a family therapist, Dr. Lenore Black, until she felt it was no longer necessary.

At the change-of-plea hearing, the judge informed defendant that a nolo contendere plea has the same effect as a guilty plea except that it cannot be used as evidence in a subsequent case. Defendant replied that he understood, and then formally pleaded nolo. His attorney stated for the record that the plea was made pursuant to *North Carolina v. Alford*. The court sentenced defendant to the terms provided in the plea agreement, and imposed the "usual conditions" of probation, including condition number eight, which states, "You shall participate fully in any program to which you may be referred by the Court or your probation officer." In response, defense counsel noted, "The usual conditions. I would point out he's going through counseling with the present counselor until the counselor deems it no longer necessary." The court responded, "So imposed." Defendant then signed a probation warrant imposing both condition number eight and condition number twenty-three, which mandated "counseling with present counselor, Lenore Black until she feels it is no longer necessary."

Subsequently, Dr. Black recommended to defendant's probation officer that defendant's long-term treatment include group therapy for sex offenders, which she does not provide, and reported that it was "inappropriate to offer family therapy"

to defendant at that time. Pursuant to condition eight, the probation officer referred defendant to sex offender therapy. Defendant refused the treatment on the ground that he would be compelled to admit guilt to the underlying misconduct in order to participate in such a program. Accordingly, a complaint alleging violation of his probation was filed in February 1992.

Thereafter, defendant moved to clarify or, in the alternative, to modify the terms of his probation. The court ruled that defendant could withdraw his plea or comply with condition eight by attending the therapy program to which he had been referred. Defendant appeals, requesting that this Court either clarify his probation conditions so that he cannot be compelled to participate in any program that requires an admission of guilt, or strike condition eight because it was not part of the plea agreement. The probation violation proceedings have been stayed pending this appeal.

Defendant argues that (1) the plain meaning of his plea agreement excludes the possibility of sex offender therapy, (2) neither he nor the State intended sex offender therapy to be a condition of his probation, (3) the specific condition of counseling with Dr. Black excludes the possibility of additional counseling requirements under condition eight, (4) condition eight is overly broad and void for vagueness in the context of this case because it provides the probation officer with too much discretion, (5) the court violated V.R.Cr.P. 11(e)(4) by rejecting the plea agreement and imposing a more onerous sentence without offering defendant the opportunity to withdraw his plea, and (6) requiring an admission of guilt as a condition of probation violates his right against self-incrimination and

his right to due process because his plea was entered pursuant to *Alford*.

The State maintains that there is no provision in the agreement that expressly precludes the imposition of sex offender therapy and, therefore, defendant is not entitled to enforcement of such a condition. We agree. Plea agreements are contractual in nature and are interpreted according to contract law. *State v. Byrne*, 149 Vt. 224, 225–26, 542 A.2d 276, 277 (1988). The parties are entitled to rely upon the express terms of the agreement, *State v. Parker*, 155 Vt. 650, 651, 583 A.2d 1275, 1276 (1990) (mem.), and defendant may demand specific enforcement of the terms of the agreement. *State v. Duval*, 156 Vt. 122, 125, 589 A.2d 321, 323 (1991). Here, there is no express provision that precludes sex offender therapy, however; thus, we cannot enforce such a condition.

In any event, defendant is unable to comply with the specific condition to attend therapy with Dr. Black because she believes that it is presently inappropriate to offer defendant family therapy. She recommends long-term sex offender therapy, which she does not provide. In *State v. Sanborn*, we held that once it became impossible to implement the special condition of group counseling when the group went out of existence, there was no longer a conflict between that condition and the requirement to attend specialized sex offender therapy under condition eight. 155 Vt. 430, 435, 584 A.2d 1148, 1152 (1990). As in *Sanborn*, it is impossible for defendant in the instant case to receive the therapy imposed under special probationary condition twenty-three. Condition eight was designed, at least in part, to accommodate precisely the type of situation present in this case. A court or a probation officer must have the flex-ibility to provide further treatment for a defendant when, for various reasons, treatment can no longer be obtained pursuant to a special probationary condition.

We do not reach defendant's other arguments because, even if he is correct, the trial court's offer to allow defendant to withdraw his plea was a complete remedy. To the extent that there was a misunderstanding between the parties or by the court in imposing condition eight in face of an *Alford* plea, the court gave defendant the benefit of the doubt. In *Santobello v. New York*, 404 U.S. 257 (1971), the United States Supreme Court ruled that where the prosecution violates a plea agreement, state courts have the discretion of deciding whether to enforce the plea agreement or to allow the defendant to withdraw his plea. *Id.* at 263. Here, because we hold that there was no agreement to exclude sex offender therapy as a condition of probation, we cannot impose such an agreement upon the parties. In such circumstances, the court's offer to allow withdrawal of the plea was a complete remedy. See *State v. Loehmann*, 143 Vt. 372, 377–78, 467 A.2d 118, 121 (1983) (offer to allow defendant to withdraw plea was not error; in absence of plea agreement, specific performance of agreement was not possible); cf. *In re LaRose*, 141 Vt. 1, 4, 442 A.2d 467, 469 (1982) (defendant argued that sentencing judge's comments during hearing would harm parole opportunities in violation of plea agreement; striking comments was complete remedy, so withdrawal of plea was unnecessary). If defendant chooses not to withdraw his plea, however, condition eight shall be enforced.

*Affirmed and remanded for further proceedings, with leave to defendant to withdraw his nolo contendere plea if he so desires.*

**Morse, J.,** concurring. I agree that this case should be remanded so that defendant can withdraw his nolo contendere plea, but I reach this result by a different route and therefore concur separately.

By entering an *Alford* plea to lewd and lascivious conduct, defendant unequivocally expressed his desire to refrain from admitting he was a sexual offender. Had the condition that he attend sex-offender group therapy (requiring an admission of guilt to the offense) been imposed at the time of the plea, the fact that the plea and the condition did not mesh would have become instantly apparent. Instead, defendant agreed to an open-ended boilerplate condition that he "participate fully in any program to which [he] may be referred by the Court or [his] probation officer."

Condition eight neither expressly included nor excluded the possibility of sex-offender therapy. Thus, the provision had a latent ambiguity. On its face, it says defendant may be ordered into "any program," but the context of the agreement—against the background of defendant's *Alford* plea—surely assumes an exception for programs that require admissions of guilt. The problem should have been apparent to the trial court and parties from the beginning, because it is well known that any therapy treatment begins with recognition of the problem, in this case, an admission of guilt.

Instead, the Court attributes to defendant any failure to anticipate this inconsistency. Defendant's interpretation of the condition is at least as reasonable—and, in the context of the *Alford* plea, more reasonable—than the State's. I think what happened here is best described as a basic misunderstanding between the parties. The problem occurred, not when defendant was ordered into sex offender therapy, but at the making of the plea agreement and the imposition of boilerplate condition eight.

A misunderstanding in the making of the contract can be so basic that no contract is actually made. See Restatement of Contracts (Second) § 20, at 58–59 (1981), and comments b and c, at 59–60 (there is no mutual assent to create a contract when the parties reasonably attach materially different meanings to an essential term of the agreement and neither party knows the other party's meaning); *Konic International Corp. v. Spokane Computer Services, Inc.,* 708 P.2d 932, 935 (Idaho Ct. App. 1985) (no contract exists where misunderstanding between parties is "so basic and so material that any agreement the parties thought they had reached was merely an illusion"). Consequently, I believe rescission of the plea agreement is the appropriate remedy.