FILED
United States Court of Appeals
Tenth Circuit

February 26, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MANUEL SOSA-MORENO,

Defendant-Appellant.

No. 09-2156
(D.C. No. 2:09-CR-00438-MCA-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Manuel Sosa-Moreno pleaded guilty to one count of re-entering the United
States after having been deported, and was sentenced to 51 months'
imprisonment. On appeal he argues that the district court violated his right to
allocution, and that his sentence is substantively unreasonable. We have
jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a); we dismiss the
appeal in accordance with the appeal waiver in the parties' plea agreement.

---

[*]     After examining the briefs and appellate record, this panel has
determined unanimously to grant the parties' request for a decision on the briefs
without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case
is therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.     BACKGROUND

On December 23, 2008, Mr. Sosa-Moreno was deported from the United States to Mexico.  Three days later he was apprehended by Border Patrol agents in New Mexico, and ultimately charged with violating 8 U.S.C. § 1326, which proscribes re-entry by certain removed aliens.

Mr. Sosa-Moreno entered into a plea agreement under which he would plead guilty in exchange for the government's agreeing to a reduced offense level based on his acceptance of responsibility and participation in a Fast Track plea agreement.  The final adjusted offense level would depend, however, on his "most serious prior criminal conviction as recommended by the U.S. Probation Office." R., Vol. 1 at 12–13.  The plea agreement also contained the following appellate waiver:  "[Mr. Sosa-Moreno] knowingly waives the right to appeal any sentence within the applicable sentencing guideline range and imposed in conformity with this plea agreement." *Id.* at 14.  During the plea hearing the magistrate judge addressed the appeal waiver, and Mr. Sosa-Moreno stated that he had discussed it with his attorney.

At sentencing, Mr. Sosa-Moreno's counsel commented that the criminal-history category was "higher than [counsel] had anticipated." *Id.*, Vol. 3 at 7. Nevertheless, counsel indicated that Mr. Sosa-Moreno did not wish to withdraw from the plea agreement, but rather wanted the court to "know he felt it was too much time." *Id.*  The court then offered Sosa-Moreno an opportunity to allocute:

> THE COURT: All right. Let me ask you, sir, is there anything you wish to say on your behalf that you wish for me to consider here before I sentence you? If so, you may do so at this time.
>
> MR. SOSA-MORENO: Well, to cancel today's court hearing.
>
> THE COURT: Well, something besides that. Anything else you wish for me to consider?
>
> MR. SOSA-MORENO: Yes, because it's very little time for the sentencing. I have had very little time.
>
> THE COURT: All right.

*Id.* After hearing no objections to the presentence report, the court accepted the plea agreement, noted the agreement's appeal waiver, and sentenced Mr. Sosa-Moreno to 51 months' imprisonment. He was given a final opportunity at the conclusion of the hearing to contest the sentence, but he did not. Mr. Sosa-Moreno now appeals, arguing that he was denied the right to allocution, and that his sentence is substantively unreasonable because of its length.

## II.   DISCUSSION

"A defendant may not appeal [his] sentence if [he] has waived [his] appellate rights in an enforceable plea agreement." *United States v. Smith*, 500 F.3d 1206, 1210 (10th Cir. 2007). Although the government failed to invoke the appeal waiver by filing a motion under Tenth Circuit Rule 27.2(A)(1)(d), it properly invoked the waiver in its appellate brief. *See United States v. Contreras-Ramos*, 457 F.3d 1144, 1145 (10th Cir. 2006).

"This Court employs a three-pronged analysis to determine whether to enforce a waiver of appellate rights." *Smith*, 500 F.3d at 1210. We examine "(1) whether the disputed appeal falls within the scope of the waiver of appellate

rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

In his reply brief, Mr. Sosa-Moreno concedes that his substantive-unreasonableness argument is barred by the plea agreement's appeal-waiver provision and this circuit's precedent. But he maintains that his allocution argument is not covered by the waiver's language. We disagree. The waiver forbids him to challenge "any sentence within the applicable sentencing guideline range." R., Vol. 1 at 14. And Mr. Sosa-Moreno does not claim that his sentence was outside that range. His allocution argument is a challenge to his sentence, because the only relief that he seeks is to have his sentence vacated. *Cf. Smith*, 500 F.3d at 1210 (concluding that the language, "'defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range,'" covered all appellate challenges to the sentence except those regarding upward departures).

As to whether Mr. Sosa-Moreno's waiver was knowing and voluntary, it was discussed at both the plea hearing and the sentencing hearing. At the plea hearing Mr. Sosa-Moreno stated that he had discussed it with defense counsel. At the sentencing hearing he did not raise it as an issue despite ample opportunity to do so. Further, the plea agreement itself states that he "knowingly waives the

right to appeal," and that the plea "is freely and voluntarily made." R., Vol. 1 at 14, 15. Mr. Sosa-Moreno has not identified any "evidence from the record establishing that he did not understand the waiver." *United States v. Edgar*, 348 F.3d 867, 872–73 (10th Cir. 2003). We conclude that he knowingly and voluntarily waived his appeal rights.

Finally, enforcing the waiver under the circumstances of this case will not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1327 (indicating that an appellate waiver's enforcement results in a miscarriage of justice (1) when the district court relied on an impermissible factor such as race, (2) when ineffective assistance of counsel in connection with the waiver's negotiation invalidates the waiver, (3) when the sentence exceeds the statutory maximum, or (4) when the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings). Even if a denial of allocution could be an example of error that fits into the fourth category (seriously affecting the fairness, integrity, or public reputation of judicial proceedings), *see United States v. Gonzalez-Huerta*, 403 F.3d 727, 736, 739 (10th Cir. 2005) (en banc), Mr. Sosa-Moreno's core allocution rights were not violated. At sentencing, the district court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). Here, the district court did just that. But instead of offering mitigating information, Mr. Sosa-Moreno sought to postpone the sentencing

hearing. The hearing was conducted 80 days after entry of his guilty plea and 30 days after disclosure of the presentence report; and neither he nor his attorney had previously expressed any need (or even desire) for a continuance. The district court had sound reason to restrict Mr. Sosa-Moreno to comments on the substance of his sentence; and nothing in the court's ruling could "seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1327 (brackets and internal quotation marks omitted). *See United States v. Muniz*, 1 F.3d 1018, 1025 (10th Cir. 1993) (the right of allocution did not give defendant the right to reargue the case).[1]

## III.  CONCLUSION

The appeal is DISMISSED.

Entered for the Court

Harris L Hartz
Circuit Judge

---

[1]The government argues that this court lacks jurisdiction over Mr. Sosa-Moreno's appeal because he "agree[d] to and receive[d] a specific sentence" under Fed. R. Crim. P. 11(c)(1)(C). Aplee. Br. at 5. The government is correct that "[i]n the case of a plea agreement that includes a specific sentence under rule 11(e)(1)(C) [the predecessor to Rule 11(c)(1)(C)] of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3742(c), the defendant "may appeal the sentence only if it was (1) imposed in violation of the law, (2) imposed as a result of an incorrect application of the Guidelines, or (3) is greater than the sentence set forth in the plea agreement." *United States v. Calderon*, 428 F.3d 928, 932 (10th Cir. 2005). But a sentence imposed without allocution could be a sentence imposed in violation of law.