NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 18

No. 2015-001

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Criminal Division |
| | |
| James Careau | December Term, 2015 |

James R. Crucitti, J.

Thomas J. Donovan, Jr., Chittenden County State's Attorney, and Pamela Hall Johnson, Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

Allison N. Fulcher of Martin & Associates, Barre, for Defendant-Appellant.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1. **DOOLEY, J.** Defendant challenges his sentence and a special condition of probation imposed following a guilty plea for sexual assault of a minor. On appeal, defendant argues that probation condition 43, which gives his probation officer unbridled authority over where defendant lives and works, is overbroad, as well as that the trial court erred as a matter of law in finding defendant would be in breach of his plea agreement if he elected to argue for a lighter prison sentence. We affirm defendant's sentence apart from probation condition 43, which we hold was imposed in plain error and reverse and remand the matter for the trial court to justify, make more specific, or strike.

¶ 2.    In August 2013, defendant was charged with one count of second-degree unlawful restraint of a victim under the age of eighteen and one count of sexual assault on a victim under the age of sixteen.  In April 2014, the parties signed and entered a plea agreement, which was contained in a court form headed by the statement, "The State of Vermont and Defendant named above enter into the following agreement."  Under that language is entered the charge of sexual assault on a minor, the word "guilty" is circled and a sentence entered of five years to fifteen years all suspended except eighteen months.  The form goes on to a section entitled, "Cases to be Dismissed by State."  This section has an entry for docket No. 3371-8-13, which is this case, followed by "UR."  We understand that the entry addresses the other count in this case, unlawful restraint.  Another section is entitled "Special Probation Conditions," which contains three specific entries.  The agreement is signed by the prosecutor and, after the words "I have reviewed this agreement and understand it," it is signed by both defendant and his counsel.

¶ 3.    In September 2014, defendant filed "Sentencing Objections to PSI," objecting to some proposed probation conditions and factual representations in the presentence investigation report.  At the initial sentencing hearing on October 3, 2014, defendant's counsel notified the court his client intended to ask for the imposition of a lesser sentence than that called for by the plea agreement, "as the Court is permitted to do under [Vermont Rule of Criminal Procedure] 11."  The State objected on the grounds that the plea bargain represented a "contract between the parties."  The court agreed with defendant's interpretation of Rule 11 in that it allowed the court to "impose the sentence or a less onerous sentence" but was unclear as to how the Rule operated in the context of a binding plea agreement.  Ultimately, the court granted a continuance, stating that during the interim the State could file a motion to withdraw from the plea agreement.

¶ 4.    On October 14, 2014, the State filed a "Motion for Reconsideration Re Ruling on Enforcement of the Express Terms of the Plea Agreement or, in the alternative, State's Motion to

Withdraw from Plea Agreement," in which the State argued that if defendant sought a downward departure of his sentence, he would be in breach of the plea bargain, rendering it void. The State also emphasized that if the court denied its request to impose the bargained-for sentence, the State would withdraw the plea agreement. Defendant did not oppose the State's motion.

¶ 5. On October 29, 2014, the trial court issued an order granting the State's motion for reconsideration. The court agreed with the State that the plea agreement was "tantamount to a contract" and although the court is "not bound by its terms and retains the flexibility to issue a less onerous sentence," defendant is bound by his earlier agreement and would be in breach if he requested a downward departure. The court concluded that if defendant proceeded to argue for a lesser sentence, the State was free to request "specific performance of the parties' agreement or [to] entirely rescind it."

¶ 6. At the sentencing hearing on November 25, 2014, defendant objected to several proposed probation conditions; however, no objection was made to condition 43, which permits a probationer to reside and work only where their probation officer approves and precludes a probationer from changing their residence or employment without prior permission from their probation officer. The court sentenced defendant consistent with the plea agreement. Defendant requested a stay of execution of his sentence pending appeal on the issue of whether he was permitted to argue for a downward departure of his sentence. The court denied the stay on December 2, 2014. This appeal followed.

¶ 7. On appeal, defendant raises two arguments: (1) that condition 43 of defendant's probation order giving his probation officer complete control to restrict his workplace and place of residence must be vacated as plain error because it is overbroad and unduly restrictive of his freedom and autonomy and not reasonably related to protecting the public from a recurrence of

3

the crime that resulted in the imposition of probation; and (2) that the trial court erred as a matter of law in denying defendant the ability to argue for a less onerous sentence.

¶ 8. We can dispose of the first question rapidly. Defendant challenges condition 43 of his probation conditions, which states: "You shall reside/work where your Probation Officer or designee approves. You shall not change your residence/employment without the prior permission of your Probation Officer or designee." This condition was imposed on defendant as part of a probation order listing thirty-one conditions generally imposed on sex offenders; the trial court made no separate findings or proffered no additional explanations suggesting such a condition was "reasonably related to the offender's rehabilitation or necessary to reduce risks to public safety." 28 V.S.A. § 252(b)(18). This condition was not objected to below and so must be reviewed for plain error.

¶ 9. Defendant argues that this issue has already been determined by State v. Freeman, 2013 VT 25, ¶ 17, 193 Vt. 454, 70 A.3d 1008, where we held that the imposition of an identical probation condition "without any findings explaining its necessity" was plain error. In its brief to this Court, the State "agrees that condition 43 is substantially the same as the challenged condition in Freeman" and the matter should be remanded. We agree with the parties that Freeman controls and so strike condition 43 as plain error and reverse and remand the matter for the trial court to justify the condition, make it more specific, or eliminate it entirely.

¶ 10. We turn now to defendant's second argument. Defendant contends that his right to request downward departure of a bargained-for sentence is drawn from two Vermont Rules of Criminal Procedure: Rule 11(e)(3), which states that if a court accepts a plea agreement it shall "inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement or a less onerous disposition," and Rule 32(a)(1)(C), which provides defendant with a right of allocution in requiring the court, prior to sentencing, to "address the

4

defendant personally to determine if the defendant wishes to make a statement in his or her own behalf and to present any information relevant to sentencing." In his brief, defendant characterizes the agreement as one in which "the State would recommend a sentence of five to fifteen years all suspended but eighteen months." Because the sentence in the plea agreement was a "recommendation only," defendant argues he would not have been in breach had he elected to exercise the statutory right to allocution and request that a court exercise its right to impose a less onerous sentence. We disagree and affirm defendant's sentence.

¶ 11. It is axiomatic that plea agreements "are contractual in nature and are interpreted according to contract law." State v. Johnstone, 2013 VT 57, ¶ 11, 194 Vt. 230, 75 A.3d 642. Parties to a plea agreement are "entitled to rely upon the express terms of the agreement." Id.

¶ 12. Although the trial judge didn't explicitly say so, it is clear that the judge rejected defendant's argument that the only party that was bound by the plea agreement with respect to the length of sentence was the State. We agree with the trial judge's determination that both parties are bound by the agreement. Nothing in the plea agreement language suggests that the State was bound to all its terms, but defendant was bound only to plead guilty to the one remaining count. The language expressly stated that the parties were jointly agreeing to all the terms of the plea agreement and that necessarily included the sentence. Thus, we agree that if defendant were to seek a lower sentence, that action would be in violation of his responsibility under the agreement.

¶ 13. Defendant's case can therefore be distinguished from those circumstances where the parties have not agreed on a proposed sentence, but instead agreed to hold a contested sentencing hearing. See, e.g., State v. Carpenter, 2013 VT 28, ¶ 9, 193 Vt. 484, 70 A.3d 1023 ("Sentencing under the agreement was unrestricted, with the parties free to argue for, and the court free to impose, any sentence authorized for the convictions.") By contrast, a plea

agreement with a specified sentence affords a criminal defendant a degree of predictability and security; he receives that security in exchange for a determinate sentence and cannot renege on that agreement with the State by requesting fewer years, particularly when the State is affirmatively precluded from requesting additional years. See Santobello v. New York, 404 U.S. 257, 262 (1971) (finding breach where prosecutor made sentence recommendation in violation of plea agreement); accord In re Meunier, 145 Vt. 414, 422, 491 A.2d 1019, 1025 (1985) (finding that prosecutor breached plea agreement by arguing for appropriate sentence in closing remarks, despite promising in agreement to stay silent regarding sentencing).

¶ 14.   Defendant's recourse to the Vermont Rules of Criminal Procedure is unavailing. By its terms, Rule 11(e)(3) has no bearing on the conduct of a defendant. Instead, the Rule demonstrates that the court—in contrast to the parties—is not bound by the terms of a plea agreement and is free to either impose the bargained-for or a less severe sentence. Cf. State v. Hemingway, 2014 VT 48, ¶ 22, 196 Vt. 441, 97 A.3d 465 (citing Rule 11(e) for the proposition that while plea agreements are binding on parties, they "are not binding on the sentencing court" and any conditions of release or imprisonment are "ultimately still set by the court at sentencing, and not by the prosecutor during plea negotiations").

¶ 15.   We are also guided by the resolution of this question in United States v. Cimino, 381 F.3d 124 (2d Cir. 2004). In Cimino, the court found that a defendant "materially breached his plea agreement by seeking a downward departure" of his sentence and by "challenging the stipulated [United States Sentencing] Guidelines range." Id. at 127. The court further held that where a defendant breaches his plea agreement, "the Government has the option to either seek specific performance of the agreement or treat it as unenforceable," reasoning that if the only remedy was specific performance, defendants would be free to attack the terms of a bargained-for contract "without fear of consequence," thereby defeating the policies that underpin the plea

6

bargaining system. Id. at 128. We are persuaded by the reasoning of the federal court, particularly in light of the fact that V.R.Cr.P. 11 "closely tracks the federal rule." In re Kasper, 145 Vt. 117, 119, 483 A.2d 608, 609 (1984); see also Joseph S. Hall, Rule 11(e)(1)(c) and the Sentencing Guidelines: Bargaining Outside the Heartland?, 87 Iowa L. Rev. 587, 611, n.138 (2002) (noting that in the plea bargain context, defendants' downward departure motions are "obviously meritless" and affirming that defendants "would not have been entitled" to downward departures regardless of specific prohibitions in plea agreements). We find no legal error in the trial court's conclusions.

¶ 16. Similarly, we do not believe that the right to allocution in Vermont—which we agree must afford a defendant a "meaningful" opportunity to address the court—can be stretched to permit defendants to disturb settled prosecutorial expectations and argue for sentences that contravene the explicit terms of plea agreements. In re Stevens, 144 Vt. 250, 260, 478 A.2d 212, 217 (1984). Rule 32(a)(1) affords defendant with a general right to present "the fullest information possible concerning [his] life and characteristics," rather than a specific mechanism for attacking agreed-upon sentences. Reporter's Notes 1980 Amendment, V.R.Cr.P. 32 (quoting Williams v. New York, 337 U.S. 241, 247 (1949)). Moreover, the right is "statutory and not constitutional" and so may be bargained away or otherwise waived. State v. Stanley, 2015 VT 117, ¶ 23, __ Vt. __, __ A.3d __ ; State v. Saari, 152 Vt. 510, 521, 568 A.2d 344, 351 (1989); see also United States v. Sosa-Moreno, 367 F. App'x. 929, 931, 2010 WL 675705 at *2 (10th Cir. Feb. 26, 2010) (holding that defendant's allocution argument is a "challenge to his sentence" and so was barred by the terms of his plea agreement). Not only does defendant's proposition have no support in our case law, its adoption would render the plea bargaining system unworkable, as prosecutors would have little incentive to negotiate and establish definitive sentences if defendants could utilize the right of allocution to undercut an agreement to a specific sentence

7

before the sentencing judge. See ABA Criminal Justice Standards Comm., <u>Standards for Criminal Justice Sentencing</u>, § 18-5.17, at 208 (3d ed. 1994), perma.cc/Y6VW-2CTV ("The policy behind the right of allocution has more to do with maximizing the perceived equity of the process than with conveying information on which courts may rely in making findings of fact.").

<u>Affirmed as to defendant's sentence. Remanded as to probation condition 43 for proceedings consistent with this opinion.</u>

FOR THE COURT:

_____

Associate Justice