*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-344

MARCH TERM, 2017

| | |
|---|---|
| In re Kirk Wool | APPEALED FROM: |
| | Superior Court, Chittenden Unit, Civil Division |
| | DOCKET NO. 271-3-15 Cncv |
| | Trial Judge: Helen M. Toor |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals from the trial court's summary judgment decision in favor of the State on his petition for post-conviction relief (PCR). He argues that the court erred in denying his motion to amend his PCR petition for a second time, and that the State failed to establish an essential element of one of the burglary charges to which he pled guilty. We affirm.

In March 2015, petitioner filed a pro se PCR petition. He filed an amended petition through counsel in February 2016. Petitioner stated that he pled guilty to two counts of burglary on April 16, 1987 pursuant to a plea agreement. He alleged that that at a September 23, 1987 sentencing hearing, the court was required, and failed, to advise him of his right to withdraw his pleas because the sentence imposed by the court exceeded the agreed upon cap of ten to fifteen years. Alternatively, petitioner asked the court to vacate his guilty plea to one of the burglary counts, asserting that he did not personally enter his plea. On the same date that he filed his amended petition, petitioner moved for summary judgment in his favor.

The State filed a cross-motion for summary judgment in June 2016. It explained that the guilty pleas that petitioner entered on April 16, 1987 were withdrawn on August 20, 1987. On August 21, 1987, petitioner was arraigned on a new charge of uttering a forged instrument. On September 23, 1987, petitioner pled guilty to this new charge as well as to the two earlier burglary charges. Petitioner was sentenced for these crimes on the same date. Thus, the plea agreement and the two guilty pleas entered on April 16, 1987 became a legal nullity on August 20, 1987 when they were withdrawn. Petitioner's claims, which were based on the withdrawn pleas, therefore failed.

In mid-July 2016, petitioner moved to proceed pro se and filed a pro se motion to amend his PCR petition. He stated that he had no recollection that he had been allowed to withdraw the guilty pleas that were the subject of his PCR petition. Petitioner asked to amend the PCR petition to include claims that at the new change-of-plea hearing in September 1987, the court failed to personally address him on the issue of guilt as required by Vermont Rule of Criminal Procedure 11(f). Several weeks later, a new attorney entered an appearance for petitioner. Petitioner then moved to withdraw his request to proceed pro se, which was granted.

In an entry order, the court denied petitioner's motion to amend his PCR. The court found that petitioner provided no explanation for his failure to raise this issue earlier, and that he did not provide a copy of the transcript of the September 1987 hearing to document his new claim. The court also noted that the law disfavored amendments after motions for summary judgment had been filed. In an opinion issued on the same day, the court granted the State's motion for summary judgment. Based on the undisputed facts proffered by the State, the court found that petitioner's claims were based on a plea agreement and the entry of guilty pleas that were later withdrawn. Following the court's ruling, petitioner's new attorney moved for relief from judgment. The court denied the motion. It noted that the summary judgment motions were already ripe at the time that counsel filed a notice of appearance. It reiterated that the law disfavored motions to amend after summary judgment motions have been filed. The court also observed that counsel had not requested that the court delay its ruling on summary judgment. Petitioner appealed from these rulings.

Petitioner first argues that the court should have granted his request to amend his PCR petition. Petitioner maintains that there was no undue delay, bad faith, or prejudice to the State, and that his amendment would not have been futile. He notes that his request was made prior to the court's summary judgment ruling and asserts that it should have been considered as a request to delay the summary judgment ruling. Finally, petitioner contends that his proposed amendment did not add "new claims" but rather corrected the date of the original claims.

Pursuant to Vermont Rule of Civil Procedure 15(a), petitioner needed the court's permission to amend his petition, and such permission "shall be freely given when justice so requires." "A motion to amend is addressed to the sound discretion of the trial court," First Nat'l Bank of Boston v. Silberdick, 146 Vt. 209, 211 (1985), and we find no abuse of discretion here. The court's decision essentially rests on a finding of undue delay. Petitioner filed his initial PCR petition in March 2015. Almost a year later, he filed an amended petition through counsel. It was not until July 2016—almost six months after he filed his first amended petition and requested summary judgment in his favor—that petitioner sought to amend his petition again. As the trial court found, petitioner provided no explanation for his failure to raise this issue earlier. Because he participated in the court proceedings at issue, he was presumably aware, or should have been aware, of the procedural history of his case. Certainly, it was easily discoverable through a simple review of the docket entries in the criminal cases on which his claims were based. The court also emphasized that the State had moved for summary judgment, thereby "marshal[ing] its resources to respond to the allegations in the existing complaint." The court could legitimately consider this factor in ruling on the motion to amend. See Gauthier v. Keurig Green Mountain, Inc., 2015 VT 108, ¶ 46, 200 Vt. 125 (concluding that trial court did not err in denying motion to amend filed almost one year after initiation of suit and several weeks after defendant moved for summary judgment and finding trial court's observation that it was more hesitant to allow amendments after a party has filed a summary judgment motion to be "in accord with the policy objectives underlying Rule 15"). We reject petitioner's assertion that his proposed amendment simply sought to correct the date of the original claims. Actually, petitioner sought to add a completely new claim based on a different plea colloquy.

Petitioner next asserts that the State failed to establish an essential element of one of the burglary charges. Petitioner indicates that the State's information, as evidenced by a police affidavit, does not indicate that he entered the Net Result Fish Store or any unlicensed property during the commission of the burglary by another individual. To the extent that petitioner relies on an absence of information presented at the April 1987 colloquy, that guilty plea was withdrawn and is a legal nullity. In any event, to show that he preserved this issue, petitioner cites to the

amended PCR petition, which alleged that petitioner's plea "to the burglary at the Net Result Fish Store must be vacated because he never personally entered it." Petitioner misreads the PCR petition. As is evident from petitioner's motion for summary judgment that accompanied his first amended PCR petition, and from the trial court's decision, petitioner argued below that he did not personally enter a guilty plea to the burglary charge involving the fish store. The allegation in the PCR petition that petitioner's plea "to the burglary at the Net Result Fish Store must be vacated because he never personally entered it" refers to the entry of petitioner's plea; it is not an assertion that petitioner never personally entered the fish store. We thus do not address the merits of petitioner's final argument because it was not preserved. See State v. Parker, 155 Vt. 650, 651 (1990) (mem.) ("[I]ssues neither litigated nor decided below will not be addressed for the first time on appeal.").

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice