VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     25-AP-017

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,    2025

| | |
|---|---|
| State of Vermont v. Jeffrey Rivard* | }    APPEALED FROM: |
| | }    Superior Court, Windham Unit, |
| | }    Criminal Division |
| | }    CASE NO. 21-CR-04088 |
| |      Trial Judge: John Treadwell |

In the above-entitled cause, the Clerk will enter:

Defendant appeals a criminal division order denying his motion to dismiss a final conviction for leaving the scene of a crash. On appeal, defendant argues that the criminal division should have dismissed his case upon his completion of a reparative program. We conclude that there were no grounds to dismiss the conviction to which defendant pleaded guilty, and therefore affirm.

In June 2021, defendant was charged with leaving the scene of a crash resulting in property damage under 23 V.S.A. § 1128(a). In February 2024, defendant entered a plea agreement with the State under which he pleaded guilty to the charge, and the State dismissed several other charges. Pursuant to the plea agreement, defendant received a sentence requiring him to participate in and complete a community reparative-board program under 13 V.S.A. § 7030(a)(2). The agreement indicated that defendant would be sentenced to a fine if he did not complete the program. The plea agreement included a reparative board sentencing order, directing that defendant had eight months to complete the program. The plea agreement also contained defendant's stipulation of facts to the underlying charge, in which he admitted to coming in contact with another vehicle while driving and not providing any information to the other driver before driving away. The court accepted the agreement. In April 2024, the reparative board notified the court that defendant had successfully completed the program.

In October 2024, defendant filed a motion alleging that the case should have been "placed into non-conviction status." Defendant attached a report of his criminal history record, which included the conviction for leaving the scene of a crash. The State responded that

defendant pleaded guilty and received the agreed sentence of referral to the reparative board, and his completion of that sentence did not require the State or the court to dismiss the conviction. Defendant responded by citing 3 V.S.A. § 164, the statute governing the adult court-diversion program, and asserting that his charges should have been dismissed after completing the reparative program. The court denied defendant's motion, explaining that there was no matter to dismiss as the case was closed following defendant's successful completion of the reparative program. Defendant filed this appeal.

On appeal, defendant reiterates arguments made to the criminal division, asserting that 3 V.S.A. § 164 required the State to dismiss the case once defendant completed the reparative program and that the charge should now be either expunged or shielded from public view. Defendant also argues that the criminal division was obligated to dismiss the case because defendant completed the required programming.

Defendant's arguments concern the proper interpretation of his plea agreement and the related statutory provisions. Plea agreements are contractual "and are interpreted according to contract law," and the parties to a plea agreement "are entitled to rely upon the express terms of the agreement." State v. Careau, 2016 VT 18, ¶ 11, 201 Vt. 322 (quotations omitted). We construe statutory provisions without deference to the trial court's interpretation. State v. Berard, 2019 VT 65, ¶ 7, 211 Vt. 39. In interpreting these statutes, we look first to the plain language to "discern and implement the intent of the Legislature." Id. ¶ 12 (quotation omitted).

Defendant's arguments contradict the plain meaning of both his plea agreement and the relevant statutes. Defendant's reliance on 3 V.S.A. § 164 is misplaced. Section 164(e) pertains to the adult court-diversion program under which persons who have substance-abuse or mental-health needs may be referred before cases are adjudicated, and directs that the matter becomes confidential if the person successfully completes the requirements. See 3 V.S.A. § 164(e)(1) (explaining that successful completion of diversion results in no adjudication of guilt).

The provisions of § 164 do not apply in this case because defendant received an adjudication of guilt and was not referred to diversion. Pursuant to the plea agreement, defendant pleaded guilty and agreed to a referral to the reparative program or a fine as a sentence. Neither the plea agreement nor the statute required the State to dismiss the charge once defendant completed the reparative sentence. As the trial court explained, at that stage, there was no charge to dismiss as defendant had already pled guilty and completed his sentence.

On appeal, defendant also alleges improper motive by the arresting officer, ineffectiveness of his trial counsel, bias and selective enforcement by police officers, and violations of his constitutional speedy-trial and due-process rights. Some of these arguments were not raised in the trial court and are therefore not preserved for appeal. See State v. Kinney, 171 Vt. 239, 255 (2000) (argument must be raised in trial court to be preserved for appeal). In any event, defendant did not appeal his conviction and any attempt to attack the validity of the plea agreement at this stage is an impermissible collateral attack on a final conviction. See In re Collette, 2008 VT 136, ¶ 7, 185 Vt. 210 (explaining that there is no right to challenge final conviction that was not appealed); State v. Lund, 168 Vt. 102, 105 (1998) (explaining that claim

for ineffective assistance of counsel "must be raised, if at all, in the context of a petition for post-conviction relief").

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice