**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      24-AP-308



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2025

State of Vermont v. Harley Breer, Jr.\*

}  APPEALED FROM:
}  Superior Court, Washington Unit,
}  Criminal Division
}  CASE NO. 21-CR-02716
Trial Judge: Michael S. Kupersmith (Ret.)

In the above-entitled cause, the Clerk will enter:

Defendant Harley Breer, Jr., appeals from the criminal division's denial of his motion to enforce a plea agreement.  We affirm.

In April 2021, defendant was charged with one count of first-degree aggravated domestic assault and one count of resisting arrest.  The State later amended the information to add one count of obstruction of justice and replace the resisting-arrest charge with one count of unlawful mischief as a habitual offender.  Across three other dockets, defendant faced a second obstruction charge as well as charges of extortion, violating conditions of release, and violating conditions of probation.  See State v. Breer, Nos. 24-AP-102, 24-AP-223, at \*1 (Vt. Feb. 7, 2025) (unpub. mem.) [https://perma.cc/9G9K-SF8D] (setting forth procedural history relevant to plea agreement at issue here in connection with defendant's separate appeal from orders declining to modify probation condition and reconsider sentence).

Defendant and the State entered a plea agreement encompassing all four cases in March 2023.  Thereunder, defendant agreed to plead guilty to one count of unlawful mischief, enter no-contest pleas to both obstruction charges, and admit to two probation violations in exchange for the State's agreement to dismiss his remaining charges with prejudice.  The parties further agreed that defendant would be sentenced to four-to-ten years to serve and five years to life suspended with probation.

A set of agreed probation conditions was incorporated into the plea agreement.  As relevant here, condition E provided that defendant's probation officer could "restrict or prohibit travel to any state as required by the Interstate Compact for Adult Offender Supervision," except that defendant "shall be permitted to travel out of state to pursue employment and residence in anticipation of moving out of VT with written notice and permission granted."  An addendum to the agreement provided:

The Defendant acknowledges that he has had adequate time and opportunity to consult with counsel, the Defender General's Prisoner's Rights Office and the Department of Corrections to understand the potential risks and benefits of accepting this agreement. Accordingly, the Defendant acknowledges that . . . . [h]e may be held beyond the minimum term of his sentence, . . . . that eligibility for parole or presumptive parole is a decision made by the Department of Corrections, and that review of such actions is to occur through the civil process provided for under [Vermont Rule of Civil Procedure] 75, not post-conviction relief or other collateral attacks on these convictions or this plea agreement.

At defendant's May 2023 change-of-plea hearing, the criminal division accepted the plea agreement, defendant entered the contemplated pleas, and the court imposed the agreed sentence.

Defendant—then self-represented—moved to enforce the plea agreement in September 2024. In his motion, defendant asserted that the charges he pleaded to were purposefully selected to ensure his eligibility for presumptive parole, but his caseworker had recently informed him that the Department of Corrections (DOC) would not be recommending him for presumptive parole—meaning that he could not pursue an out-of-state residence as contemplated by condition E. Defendant requested that the criminal division set a hearing on the motion or issue an order requiring the DOC to adhere to the terms of the plea agreement.

The criminal division denied the motion without hearing, explaining that the DOC was not a party to defendant's agreement with the Office of the State's Attorney. It took no position on the merits of defendant's argument, instead explaining that any challenge to the DOC's parole-eligibility determinations could be raised only by filing a Rule 75 petition in the civil division.

Defendant is represented by counsel on appeal. He indicates that his motion informed the trial court that condition E was not being complied with and the prosecutor "was doing nothing to uphold [the State's] obligations under the agreement," and contends that while the trial court was without control over the DOC, it could nonetheless ensure specific performance by the State.[*] As a result, he argues, the court abused its discretion in declining to address the merits of his motion.

"It is axiomatic that plea agreements are contractual in nature and interpreted according to contract law." State v. Careau, 2016 VT 18, ¶ 11, 201 Vt. 322 (quotation omitted). Where the language of a plea agreement is clear, it must be interpreted as written: as parties to the

_____

[*] We note that this argument differs from that raised in defendant's motion to enforce—below, he asserted that the DOC was not adhering to the terms of the plea agreement and requested that the court order that agency to specifically perform its obligations thereunder. See State v. Ben-Mont Corp., 163 Vt. 53, 61 (1994) (explaining that issue properly preserved for our review on appeal where presented below with specificity and clarity in manner that gives trial court fair opportunity to rule on it). Because we conclude that the argument defendant raises on appeal is without merit, we do not reach the question of whether his self-represented filing sufficed to preserve it.

2

agreement, both the defendant and the State are entitled to rely on its express terms. State v. Roberts, 2024 VT 32, ¶ 55; State v. Johnstone, 2013 VT 57, ¶ 11, 194 Vt. 230. If either party breaches the agreement, the other may seek the remedy of specific performance. In re Blow, 2013 VT 75, ¶ 27, 194 Vt. 416; Careau, 2016 VT 18, ¶ 15.

We begin by clarifying the applicable standard of review. The State appears to accept defendant's contention that we should review the decision below for abuse of discretion. It is true that "where the prosecution violates a plea agreement, state courts have the discretion of deciding whether to enforce the plea agreement or to allow the defendant to withdraw his plea." State v. Coleman, 160 Vt. 638, 640 (1993) (mem.) (citing Santobello v. New York, 404 U.S. 257, 263 (1971)). But in this case, the trial court concluded that defendant had not identified any such violation and therefore did not reach the question of remedy. As noted above, plea agreements are interpreted according to contract law. Careau, 2016 VT 18, ¶ 11. In that context, the interpretation of unambiguous contractual language presents a question of law that we review de novo. B & C Mgmt. Vt., Inc. v. John, 2015 VT 61, ¶ 11, 199 Vt. 202. Here, the parties do not dispute that the express terms of the agreement on which the court based its conclusion are unambiguous. We therefore review without deference to the decision below.

Even under this more rigorous standard, the trial court did not err in denying defendant's motion to enforce. To be sure, we hold the State "to the most meticulous standards of both promise and performance" with respect to plea agreements. In re Meunier, 145 Vt. 414, 420 (1985) (quotation omitted). But defendant's argument fails because he has not identified any promise that the State failed to perform. The parties agreed to a set of conditions, including condition E, to be imposed if defendant received parole. But nothing in condition E or elsewhere on the face of the agreement guaranteed that defendant would in fact be recommended for parole. To the contrary, the agreement expressly contemplated that defendant's eligibility for presumptive parole would be independently determined by the DOC and that any challenge to that determination could be raised only in a civil proceeding pursuant to Rule 75.

We confronted a similar argument in In re Blow, 2013 VT 75. There, the petitioner sought specific performance of his plea agreement, arguing that a delay in his participation in mandatory rehabilitative programming deprived him of the possibility of parole he allegedly anticipated at the time of the agreement. We concluded that petitioner was not entitled to specific performance because the State had not breached the agreement. Id. ¶ 27. There was "no express promise of parole in the plea agreement," and while the "[p]etitioner may have expected to enter programming during the second year of his sentence . . . he was never guaranteed or assured that a spot in programming would be available at that time or that he would have been placed in it." Id. ¶¶ 23, 27 ("Indeed, the trial court could not impose upon the DOC an obligation to recommend petitioner for parole, nor could the court mandate that the board grant it, because these functions are by law wholly within the discretion of the respective agencies."). The same result lies here. The State has not violated defendant's plea agreement. Therefore, defendant is not entitled to any remedy, including the remedy of specific performance.

To the extent defendant suggests the criminal division erred in declining to hold a hearing on his motion, we disagree. The trial court has discretion to dispose of a motion without oral argument, and need not grant an evidentiary hearing where, as here, it determines that the party is not entitled to the relief sought as a matter of law. See Reporter's Notes—1982 Amendment, V.R.Cr.P. 47 (explaining that in ruling on motion, criminal division has "discretion on whether

to allow oral argument" and noting that, "[o]f course, the court can still refuse to grant a hearing where evidence is unnecessary to the disposition of the motion").

     <u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Karen R. Carroll, Associate Justice

_____
Nancy J. Waples, Associate Justice