Filed 12/10/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-04500

| Casey Langlois v State of Vermont et al |
|---|

## FINDINGS AND ORDER

The present matter involves the scope and use of a stipulated factual predicate by the Department of Corrections. The Court held a hearing on December 8,2025 and makes the following findings and order based on the testimony and evidence offered.

In 2004, the State of Vermont charged Casey Langlois with two counts of aggravated sexual assault on a minor. As part of the information filed with the Court for purpose of establishing probable cause, the investigating Vermont State Trooper drafted a 9-page affidavit that detailed the results of her investigation. The Affidavit includes allegations by the minor, information from the minor's parents, other evidence, and admissions from Mr. Langlois.

In 2006, Mr. Langlois reached a plea agreement with the State. Mr. Langlois agreed to plead guilty to both of the aggravated sexual assault charges. In exchange, the State agreed to seek a sentence of 10 to 30 years for the first offense and 10 to 30 for the second. The sentences were consecutive, but the second was suspended with probation. As part of the plea agreement, Mr. Langlois and the State redacted and adopted the Trooper's charging affidavit. They converted four pages of it into a Stipulated Factual Basis for Pleas of Guilt and Sex Offender Treatment.

During the July plea colloquy, Mr. Langlois expressed a strong desire to limit his factual pleading to the stipulation as he did not want to be barred from treatment or programming because of the other allegations in the affidavit to which he did not stipulate or agree had happened. The State's Attorney concurred with this point, and the judge taking the plea from the parties stated that he would only be relying upon the stipulation for the guilty plea, the review of the sentence, and for any treatment conditions that would be incorporated into his sentence. Nowhere in the plea colloquy did either Mr. Langlois, his attorney, or the State indicate that the charging affidavit would be sealed, separated from his record, or made confidential as a result of the agreement. The parties simply agreed that the stipulation would become the controlling facts and for the purposes of guilt, sentencing, and treatment eligibility and enrollment.

After sentencing, Mr. Langlois enrolled in treatment and successfully completed the programs. In 2016, Mr. Langlois was released on community furlough and began to be supervised by the Department of Corrections' Probation and Parole Office in Barre, Vermont. Defendant was paroled in 2021 and completed his first sentence in 2023. At that point, Mr.

Langlois' parole converted into probation for his second sentence. Following an August 2024 hearing, his probation completion date was set for April of 2028.

At the time of his original plea agreement, Mr. Langlois gave his caseworker a copy of the original 9-page probable cause affidavit. This copy contained some handwritten annotations from Mr. Langlois. Thereafter, it appears that the Department of Corrections used this affidavit when it made filings on Mr. Langlois' case, including reports to the parole board and to the Criminal Court. It also appears that the Department may have given this document to individuals who evaluated Mr. Langlois for sex offender and psychological purposes.

In 2016, the Washington County State's Attorney and Mr. Langlois reached agreement on a post-conviction relief petition. As part of this agreement, the State's Attorney sent the Department a copy of the four-page Stipulation and announced that it "should be used for any future treatment" of Mr. Langlois. The evidence and testimony indicates that the Department has used this Stipulation since 2016, but the record also indicates that the Department has also continued to file the first three pages of the probable cause affidavit as part of the Stipulation.

Since his release, Mr. Langlois had complied with his supervision, has not incurred any major discipline, and has held consistent employment. Mr. Langlois owns his own house and car. At the December 8th hearing, Mr. Langlois agreed that he had received the benefits of his sentence. He did not have to serve beyond his minimum sentence in a correctional facility, he was able to complete his treatment, he received his good time credit, and he has been in the community for nearly ten years, albeit under supervision. If his current probation date holds, he will only have to serve 5 years of his second 10 to 30 year sentence.

Even where Mr. Langlois claimed some delay—his treatment program took 4.5 years instead of 3 years—it is not clear that these delays were attributable to one cause or that they materially affected his situation given that he was released at or near the date of his minimum sentence. The sole harm alleged appears to be emotional- and anxiety-related and come from repeatedly hearing allegations that he has denied in various filings or reports.

## Legal Analysis

The present action has been filed under V.R.C.P. 75, which permits individuals to challenge governmental action/inaction on a limited basis. "[W]hen reviewing administrative action by the [Department] under V.R.C.P. 75, we will not interfere with the Department's determinations absent a showing that the [Department] clearly and arbitrarily abused its authority." *King v. Gorczyk*, 2003 VT 34, ¶ 7; *Molesworth v. University of Vermont*, 147 Vt. 4, 7 (1986) (certiorari review "confined to addressing substantial questions of law affecting the merits of the case.").

The evidence in this case indicates that Mr. Langlois struck a bargain with the State of Vermont in 2006, in which he gave up his right to trial in exchange for a negotiated and limited conviction based on specific facts. These specific facts were the basis for his conviction and are the only agreed upon and operative facts underlying his conviction. Any other facts are allegations and do not, by the terms of the plea agreement, control either Plaintiff's sentence or treatment options.

Plea agreements are contracts, and they are interpreted according to contract law. *State v. Careau*, 2016 VT 18, ¶ 11. Where the terms of the agreement are clear, they must be interpreted according to their plain language, and both the State and the defendant are entitled to rely on its express terms. *State v. Roberts*, 2024 VT 32, ¶ 55. If either party breaches the agreement, the other side is entitled to specific performance. *Careau*, 2016 VT 18, at ¶ 15.

In this case, Mr. Langlois complains that the Department, as an agent of the State has violated the plea agreement by interjecting the probable cause affidavit into filings made to third parties, including the parole board, the criminal division of this court, and various providers charged with analyzing Mr. Langlois.

The Department agrees that it has included such material in earlier filings, but that it has used only the first four pages of the affidavit along with the Stipulation since 2016 in filings. The Department notes that it has not denied or prevented Mr. Langlois from receiving the benefit of the agreement as he has received treatment and programing, was released from the facility after serving his minimum, and that he is in the same position that he would have been if the Department had not included the additional filings. The evidence and testimony supports this position. Mr. Langlois has received the benefits of his plea agreement, and there has not been any denial of programing or loss of credit suffered. Mr. Langlois is in exactly the position that he should have expected himself to be under the terms of the 2006 plea agreement.

More importantly, in looking closer at the Stipulation and the first four pages of the affidavit, the Court is hard pressed to identify any information that is included in the first four pages that radically alters or changes the nature of Mr. Langlois' crimes or would materially affect his treatment or classification. At trial, Mr. Langlois referred to an allegation where the minor reported that Mr. Langlois has locked him in a dog crate. Mr. Langlois strongly contends that this allegation is false and cites it as the source of his anxiety and emotional harm. The Stipulation, however, includes an admission that Mr. Langlois used zip ties to bind the minor's hands on one occasion, and that the Mr. Langlois and the minor had used a dog collar and chains in another. These acts, while somewhat different than the dog crate allegation, do not represent radically different allegations, and appear to provide a basis for the third-party provider concerns about Mr. Langlois during his periods of treatment.

Furthermore, nothing in the plea agreement prevented the Department or its treatment providers from acting in their professional capacities to evaluate the larger context of Mr. Langlois' behavior. For example, there is evidence that one treatment provider reviewed media coverage of Mr. Langlois' crimes to help understand and evaluate the nature of the behaviors. In this respect, the salient issue is whether the providers were reasonable in their actions as professionals, and there is no allegation or expert testimony in this case to suggest that they have violated this duty of care.

In this respect as well, Mr. Langlois has completed his initial sentence and has completed his treatment conditions. He is currently subject to probation conditions that do not have a treatment component. For the next two year and four months, Mr. Langlois' only obligation is to abide by these conditions, something he has done successfully for the past ten years. Mr. Langlois has not appealed or challenged those conditions, and they are not before this Court to review.

The one modicum of relief that the Court finds to be reasonable arises from the Department's filings going forward. The Department has, in the past as it admits, included the

Stipulation and the first four pages of the affidavit as a single document. The Court finds this to be inconsistent with both the record and the plea agreement that distinguishes between the facts alleged in the larger affidavit and the facts agreed upon in the Stipulation. Continuing such filings would constitute an abuse of discretion as it would go against the intent of the plea agreement and sow confusions where it does not exist.

As such, the Court directs the Department, in any future filings, to file the Stipulation as a separate document and not to file any other portion of the original affidavit with it, unless the Department is transmitting Mr. Langlois' file, and the original affidavit is accurately identified as the initial allegations and not the stipulated basis for the convictions.

Finally, the Court finds no basis for damages or any monetary award as noted on the record at the conclusion of the hearing.

## ORDER

Based on the foregoing, the Court rules that the Plaintiff Casey Langlois is entitled to limited Rule 75 relief. The Department of Corrections shall not include the first four pages of the underlying probable cause affidavit as part of the Stipulation in any future filings and shall identify the probable cause affidavit as the initial allegations and not the factual basis for the conviction if it is transmitted by the Department to a third party.

Electronically signed on 12/8/2025 7:04 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge